Lawson vs. Wright.

---

---

No. 52.—James Lawson, plaintiff in error, *vs.* Arthur P. Wright, adm'r, defendant in error.

In a suit on an endorsement by which the endorser "only is to be liable when the maker is sued to insolvency," a *fi. fa.* against the maker with the return of "no property" entered upon it, is *prima facie* evidence, that the maker has been sued to insolvency.

Assumpsit, in Stewart Superior Court.    Tried before Judge Kiddoo, October Term, 1856.

This was an action brought by James Lawson, against

Arthur P. Wright, administrator of Matthew Wright, deceased, on the following endorsement, viz.:

"I endorse the within notes in the second instance, and not to be sued with the maker of these notes, and only liable when the maker is sued to insolvency,

(Signed,)                    MATTHEW WRIGHT."

Plaintiff read in evidence the two promissory notes upon which was the foregoing endorsement, one for thirty dollars and the other for ten dollars.

He then read in evidence two *fi. fas.* from a Justices' Court, founded upon said notes, with a return thereon of *nulla bona*, by the proper officer.

He also proposed to prove by William Boynton the insolvency of the maker of the notes in the year 1845. Defendant's counsel objected to the testimony; Court overruled the objection and witness testified "that he knew Philander Thompson, the maker of the notes, in the spring of 1845; that he was regarded as notoriously insolvent in the community; that he held executions against him at that time, upon which he was unable to realize anything, and that he knew he was insolvent.

To which testimony going to the jury, defendant by his counsel objected; the Court overruled the objection, and defendant excepted.

The defendant introduced no testimony.

The Judge charged the jury, that if they believed from the evidence, that Thompson, the maker of the notes, was insolvent, they should find for the plaintiff; that insolvency could be proved by persons acquainted with the pecuniary condition of the party; that a return of no property upon a *fi. fa.* was evidence and proof of insolvency; that it was not necessary in this case for the plaintiff to prove that he had actually sued Thompson to insolvency, by the issuing of a *ca. sa.* against him—his arrest and discharge under the insolvent debtor's law, in order to render the defendant liable;

that they would judge whether there was sufficient evidence in this case of Thompson's insolvency to render the defendant liable upon the endorsement of his intestate.

To which charge defendant excepted.

The jury found for the plaintiff the amount of the notes, with interest and cost of suit.

Thereupon defendant's counsel excepted.

TUCKER & BEALL, for plaintiff in error.

B. S. WORRILL, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

The legal effect of Matthew Wright's endorsements was, that he was not to be liable to pay anything on the endorsements until the holder of the notes had shown by *a suit* on them, against their maker, that he did not have sufficient property to pay them.

Did the holder show this, by showing a *fi. fa.* against the maker, issued from a suit on the notes, with the return of "no property," entered on the *fi. fa.*?

We think that he did, *prima facie.*

Such a return on *fi. fas.* against executors or administrators, has ever been held, *prima facie,* sufficient to show this in suits against them, in their private capacity, for waste. And also in cases against others, not primarily liable. *Lane vs. Harris* 16. *Ga.* 217.

If, however, in any case the fact be, that the defendant in the *fi. fa.* has property, notwithstanding such a return, the return is not conclusive on the endorser. *He* may show that there is this other property; and if he does it, he will get all the benefit of the condition in his endorsement.

The counsel for the plaintiff in error contends, that the holder ought to be required to show not only a *fi. fa.* with the return of no property entered on it, but also a *ca. sa.* and a discharge under the insolvent laws.

But even such a discharge would not be conclusive as against the endorsers. Why then should we stop at this point? and if we may stop at this point, why may we not stop at the return of *nulla bona?*

It is to be remembered, that in cases like the present the holder of the note has upon him the burden of proving a negative. And a negative, from its nature, admits, in general, of no more than proximate proof.

We think then that the return was, *prima facie*, sufficient to show, that the maker of the note had been sued to insolvency in the sense of the endorsement.

If it was, then Boynton's evidence was admissible, for that was but evidence of the same kind as the return; and there was nothing wrong in the charge of the Court.

And therefore, we think that all the exceptions ought to be overruled.

Judgment affirmed.