AUSTIN SMITH, claimant, plaintiff in error, vs. DONALD J. McDONALD, defendant in error.

A vendor making an absolute deed to land, and continuing in possession until subsequent debts are contracted; such occupation of the property is a badge of fraud, as against after creditors, notwithstanding the old debts existing at the time of the sale, may have been discharged.

Claim, from Ware county.   Decided by Judge LOVE, June Term, 1857.

This was a claim on the part of Austin Smith to certain property, which had been levied upon under a *fi. fa.* at the suit of *Donald McDonald vs. Daniel B. Smith.*

Upon the trial the following evidence was introduced:

Plaintiff introduced the execution, and the levy thereon by the Sheriff of lot No. 193, in the 8th district of originally Appling, now Ware county.

*David J. Miller* testified that Daniel B. Smith, the defendant in execution, lived on the lot levied on when the levy was made, and had lived there for six or ten years, and that he granted the land to his son.

Plaintiff also introduced the original judgment on which the *fi. fa.* was founded.

Claimant then introduced a plot and grant from the State of Georgia, of said lot of land made to W. Miller, and an order from the Ordinary of Ware county, allowing Thomas Hilliard, guardian of the said W. Miller, to sell the said lot of land. Also a deed of the said lot from Thomas Hilliard as such guardian to Daniel B. Smith, dated 7th August, 1849, and in consideration of $50. Also, a deed for part of the said lot of land from Daniel B. Smith to Daniel Smith, dated the 6th of January 1851, in consideration of $20. Also, a deed for part of the said lot of land from Daniel B. Smith to Austin Smith, claimant.

Thomas Hilliard proved that in 1850, the lot of land was worth about $100, and that he sold it as guardian of William Miller, at public sale, and that it had been conditionally sold at private sale, that Austin Smith bought and paid for the land at the sale, and directed the deed to be made to Daniel B. Smith his son, and which he (witness) did, accordingly. That about the time Daniel B. Smith sold the land to Austin Smith, Daniel B. Smith was considerably in debt, and owed witness about $100, and which sum was paid by Austin Smith to the witness, when Austin purchased the land of Daniel B. Smith.

Plaintiff in *fi. fa.* introduced as a witness James T. Clough, who proved that the said lot of land in 1850, was worth $350, that before and about the time Daniel B. Smith sold it to Austin Smith, witness offered him that sum for the lot of land, and that Daniel B. Smith refused to take it. That Daniel B. Smith, son of Austin Smith, married the daughter of D. J. Miller, and that Austin and Daniel Smith are brothers.

The Court decided that the property levied on and claimed, was subject to the execution.

Counsel for claimant thereupon moved for a new trial, on the following grounds:

1st. The jury found contrary to law.

Smith vs. McDonald.

2d. The jury found contrary to evidence, and the weight of evidence in the case.

3d. The jury found contrary to law and evidence and the weight of evidence.

4th. The Court erred in refusing to charge the jury, as requested by the counsel of the claimant in writing, "that a subsequent creditor has no right to complain of badges of fraud that existed before his debt was contracted," and charging the reverse thereof.

The Court below after argument refused the motion for the new trial, and claimants counsel excepted.

WARREN & GORDON, for plaintiff in error.

SESSIONS, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

I would state briefly in this case, that Daniel B. Smith, the defendant, sold to his father Austin Smith, the claimant, a part of the lot of land levied on in 1850. The consideration proven to have been paid was $120, for three hundred and forty acres sold, one hundred and fifty acres having been previously purchased by Daniel Smith his brother. Daniel B. Smith was largely indebted when the sale was made to his father; but all the indebtedness existing at the time, has been discharged. Daniel B. Smith, the vendor and debtor, not only remained in possession up to 1854, when the present debt was contracted, which is now sought to be levied; but up to the time even when the levy was made. There was proof showing that the land was worth more than the price for which it was sold by the defendant. The property having been found subject, a motion for a new trial was made upon two grounds, namely; the refusal of the Court to charge as requested by claimant's counsel and for charging

the contrary thereof to be the law.  And secondly, that the verdict was against evidence.

The charge requested was, "that a subsequent creditor has no right to complain of badges of fraud that existed before his debt was contracted."  This the Court refused to give, because it did not embrace all the facts applicable to the case.  It is conceded, that if a vendor make an absolute conveyance of land and continue in possession, it is a badge of fraud, as against creditors.  Had Daniel B. Smith abandoned the occupancy of this land before this debt was contracted, counsel might very properly have asked the charge which he did.  But Daniel B. Smith not only remained in possession to the time when the debt was contracted, but to the date of the judgment and the levy.  The badge continuing then required explanation as against the subsequent debt, as well as against debts existing at the time of the sale.  Indeed the presumption is stronger in favor of the new debts than the old; for they may be supposed to have been contracted, upon the credit given to the defendant on account of his possession and apparent ownership of the property. 1 *American Leading Cases*, 40, 65; 8 *Wheaton*, 228, 252. We need not express our opinion as to the proof in this case. There was evidence going to show, that the land was not sold for a full price.  There was testimony of the continuing possession of the vendor; of the relationship of the debtor and claimant.  Enough taken together to sustain the verdict.  Questions of fraud, are peculiarly for the jury, and and we cannot say that the Court manifestly erred in refusing to disturb their verdict.

Judgment affirmed.