Buttram *vs.* Jackson.

---

A. J. BUTTRAM, plaintiff in error, *vs.* IRA G. JACKSON, defendant in error.

1. When the solvency or insolvency of a particular person is the question at issue, writs of *fieri facias* against him are admissible in evidence, although the *fi. fas.* contain an entry of the sale of property, and that the proceeds of the sale were applied to "older *fi. fas.*," without specifying to what "older *fi. fas.*" the money was so applied.
2. What parties say at the time of making up a settlement of accounts between them, as to the amount due from the one to the other, is a part of the *res gestæ*, and admissible in evidence.
3. It is error in the presiding Judge, in charging the jury, to assume that any fact in dispute between the parties has been proved.
4. Where the verdict is strongly and decidedly against the weight of the evidence, a new trial will be granted.

Assumpsit, in Carroll Superior Court. Tried before Judge HAMMOND, at October Term, 1860.

The questions in this case arise out of the following state of facts:

Some time in December, 1857, Ira G. Jackson sold to Andrew J. Buttram a mule, and received in payment therefor two promissory notes, given by one D. H. Harris, one of the notes dated 10th November, 1857, and due twelve months after-date, payable to said Buttram, or bearer, for the sum of $30 00; the other, dated 22d October, 1857, and due 25th December, 1858, payable to Martha McElreath, or bearer, for $40 00.

On the 22d January, 1859, Jackson instituted suit in Carroll Superior Court, against Buttram, to recover the value of the mule, alleging, in one count of his declaration, that Buttram, at the time of the trade, warranted the notes to be good, and that Harris was perfectly solvent, and that if the notes were not paid by Harris at their maturity, he, Buttram, would pay the amount due on the same, whereas, in truth and in fact, Harris was insolvent at the time, and afterwards absconded, and went to parts unknown.

The defendant pleaded the general issue.

On the trial of the case, the notes were introduced, and it was shown by the evidence that plaintiff had demanded from defendant payment of the notes before the suit was brought; that defendant admitted that he traded the notes as good notes; that at the time of the trade, Harris owned land worth from $600 00 to $800 00; that levying officers had been to Harris's, with *fi. fas.* against him, in search of property, but could find none, and that the *fi. fas.* were subsequently paid off; that Harris was deemed solvent by many who knew him, although there were some judgments against him; that Harris, through the defendant, received a legacy of some $700 00, in the Fall of 1857; that when the trade was made, Jackson, holding the notes in his hand, secretly requested a bystander to take notice of what he was going to say to Buttram, and the reply of the latter; that Jackson asked Buttram if the notes were good, and told him that he must indorse them, to which Buttram replied, that he would not indorse them, that he had been bit that way too often, and that Jackson must take the notes at his own risk. The defendant proposed to prove by a witness who

was present, that in the Fall of 1857, a settlement of accounts was made between Buttram and Harris, and that the parties said, at the time that Buttram was due to Harris the sum of $200 00, that the settlement included the legacy which Harris received through Buttram as his attorney. Counsel for plaintiff objected to so much of this testimony as related to the sayings of the parties as to the amount due Harris, and the objection was sustained by the Court, and the testimony rejected, and defendant excepted.

Plaintiff, in rebuttal, offered in evidence two *fi. fas.* against Harris, one dated in May, 1858, and one in September, 1858, upon which there was an entry of a levy on a lot of corn, and a further entry that the corn was sold for $80 00, and the money applied to "older *fi. fas.* This testimony was objected to, on the ground that the entry on the *fi. fas.* did not specify the "older *fi. fas.*," to which the money was applied, but the Court overruled the objection, and admitted the *fi. fas.* in evidence, and defendant excepted.

When the testimony and argument had closed, the presiding Judge charged the jury, "that if the defendant told the plaintiff, at the time of trading him the notes on Harris, that he considered Harris good, but that he would not be bound, yet he was bound, if Harris was not good at that time, if Jackson took the notes on such representation, although there was no guaranty by defendant to stand good for the notes, the notes being taken by Jackson, who was ignorant of the condition of Harris at the time, and whose condition was known to Buttram."

The jury returned a verdict in favor of plaintiff for $79 05, it being the principal and interest due on the notes.

Counsel for defendant then made a motion for a new trial, in due form, on the grounds following, that is to say :

1st. Because the Court erred in admitting the two *fi. fas.* aforesaid, with the entries thereon.

2d. Because the Court erred in rejecting the testimony as to what Harris and Buttram said, whilst they were engaged in making a settlement.

3d. Because the Court erred in his instructions to the jury, as before set forth.

4th. Because the verdict was contrary to the evidence, and to the weight of the evidence, and contrary to law.

The presiding Judge refused the new trial, and that decision is complained of as error.

THOMAS CHANDLER, for plaintiff in error.

BLACK & WOOTEN, W. W. & H. F. MERRELL, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

If either of the grounds upon which a new trial was asked was tenable, there was error in overruling the motion. We do not think the Court below erred in admitting the *fi. fas.* against Harris. One of the facts in issue was the insolvency of Harris. All evidence of his indebtedness, at that time, was material to the issue. Insolvency results from the excess of indebtedness above means to pay. Hence, when that is the issue, evidence of indebtedness was just such as it behooved the party maintaining his insolvency to offer. For a like reason, we think, the Court erred in ruling out evidence of what was said by plaintiff in error and Harris, at the time of a settlement between them, of which there was evidence before the Court. The evidence of that settlement was to show means in the possession of Harris, to rebut the inference of insolvency, that might be drawn from the fact that there were executions open against him; but to us it seems, that to give this evidence full force, to make it entirely intelligible to the jury, those sayings should have been received. They were part of the *res gestæ*; they went to show how much was received by Harris in that settlement, and in what received. It would have contributed to show the extent of his means, and thus aid in elucidating the question of solvency or insolvency.

Error was further assigned, in the grounds of the motion for a new trial against the charge of the Court as set forth in the statement.

. In that charge the presiding Judge deemed it necessary, in order to facilitate the application of the law by the jury to the case, to advert to certain facts claimed by one party to have been proven, but the proof of which was denied by the other. This practice is not objectionable; indeed, it is sometimes necessary, to enable the jury to understand clearly the relation existing between the law and the facts of the case; but the utmost caution should be observed to guard the jury against the inference, that the Judge considers any disputed fact to have been proven.

Juries are usually very open to influence from the Bench, and it is right that they should be so; but that influence should never be extended to their conclusions, in matters of fact. A careful analysis of the charge under review makes it apparent that the Judge put his reference to some of the facts hypothetically, as " *if* the defendant told the plaintiff," etc., " *if* Harris was not good at that time," etc., whilst his reference to other facts was in terms which assume that they were incontestably proven, as " Jackson, who *was ignorant* of the condition of Harris, at the time, and whose condition *was known* to Buttram," etc. The hypothetical is the proper form of putting facts in such cases, because it distinctly puts the jury on the inquiry as to those facts; but in relation to other facts, put positively before them, put as facts *ascertained* in the same connection, in the same sentence, they are much less apt to feel the necessity of inquiry. Indeed, these different modes of treating different facts, would seem to give a double assurance, that they are relieved from the necessity of scrutinizing the evidence for the proof of some of them : 1st. Because the Judge has treated them as proven. 2d. Because he has cautiously treated others as doubtful. We think there was error in this. Moreover, we cannot resist the conclusion that the verdict is against the weight of the evidence. The insolvency of Harris, and the knowledge of it by the plaintiff in error, at the time of the trade between the parties, are facts necessary to the support of the verdict. We think the weight of evidence is strongly and decidedly in favor of his solvency at that time, and

still more so against any knowledge of such insolvency by Buttram.

The judgment of the Court, therefore, must be reversed and a new trial ordered.

Let the judgment be reversed.