## Case No. 12,616.

### SEDGWICK v. MENCK et al.

[6 Blatchf. 156; [1] 1 N. B. R. 675 (Quarto, 204).]

Circuit Court, S. D. New York.  June 22, 1868.

BANKRUPTCY—BONA FIDE SALES—CONTEMPLATION OF INSOLVENCY.

In 1857. B., being insolvent, made an assignment of his property to M., giving preferences among his creditors. Under creditors' bills. filed against B. and M., C. was appointed receiver of the property of B. Afterward, C. brought a suit. as such receiver. in a state court, against B. and M., to recover the assigned property, and obtained a judgment. in 1858, adjudging the assignment to be fraudulent and void against the creditors of B. From that judgment, M. appealed. and the case was now pending on appeal. In 1868. B. was adjudged a bankrupt, and S. was appointed his assignee in bankruptcy. S. then, as such assignee, brought a suit in this court, against M. and C.. to compel C. to deliver up to S. the property in the hands of C., as receiver. Held, that the suit could not be maintained.

[Cited in Re Davis, Case No. 3,620; Olney v. Tanner, Id. 10,506; Kimberling v. Hartly, 1 Fed. 574, 575; Re Pitts, 9 Fed. 544: Judd v. Bankers' & Merchants' Tel. Co., 31 Fed. 183; Wadley v. Blount, 65 Fed. 674.]

[Cited in brief in Ellis v. Boston, H. & E. R. Co., 107 Mass. 22. Cited in Gibbs v. Logan, 22 W. Va. 212; Stuart v. Hines, 33 Iowa, 60.]

On the 6th of January, 1857, Andrew Beiser, being insolvent, made an assignment of his property, real and personal, to William Menck, giving preferences among his creditors. Creditors' bills were filed against Beiser, the debtor, and Menck, the assignee, under which Charles B. Bostwick was appointed receiver of the property. On the 16th of March, 1858, he commenced a suit, in the court of common pleas for the city and county of New York, against .Beiser and Menck, to recover possession of the property, and such proceedings were had, that, on the 9th of December, following, a judgment was rendered in favor of the receiver, adjudging the assignment fraudulent and void against creditors. From this judgment Menck appealed to the court of appeals. where the case is still pending. In January, 1868, Beiser was adjudged a bankrupt, and the plaintiff [John Sedgwick] was appointed his assignee. The plaintiff then brought this suit against Menck and Bostwick, to obtain possession of the assets of the

[1] [Reported by Hon. Samuel Blatchford. District Judge. and here reprinted by permission.]

estate. An injunction having been granted [see Case No. 12,617], the defendants now moved for its dissolution.

Francis N. Bangs, for plaintiff.
C. Bainbridge Smith, for defendants.

NELSON, Circuit Justice. The filing of the creditors' bills gave, according to the law of New York, a lien upon the assets of the debtor, in behalf of the judgment creditors; and the receiver, representing their interests, has, it appears, been diligently engaged in endeavoring to reduce them to possession, and apply them to the payment of the judgments. It is difficult to see what right exists in the assignee in bankruptcy to this property, thus devoted by the law to the payment of the debts of these judgment creditors, some ten years before any right attached in bankruptcy. The judgment creditors have been subjected to very considerable expense, already, in the litigation, and have succeeded, in the lower courts, in setting aside the assignment, as fraudulent, and thereby giving effect to their judgments against the property. Whether they will derive any benefit from the expense and trouble, must depend on the decision of the appellate court. It seems to me, that they are entitled to, at least, this chance, and that the bankrupt's assignee is neither entitled to it himself, nor in a position to deprive them of it. The question involving the right to this property is in the state court, where it belongs, and the decision of that court will be conclusive upon the right. If it shall be in affirmance of the judgment of the court below, the property will be applied to the satisfaction of the judgments, on the creditors' bills. If it shall be in favor of the validity of the assignment, the property will take the direction given to it by the trusts created in the assignment. The right to this property attached long before the assignment in bankruptcy was made, and even before the passage of this bankruptcy law [of 1867 (14 Stat. 517)]. The motion to dissolve the injunction is granted.