Trippe, Judge.
1. Upon the face of the answer, it appears that the “report” the witness referred to applied to both the ownership and the possession or use of the store house. It certainly was not com *436 petent evidence to prove title by report, nor, indeed, was report admissible to prove the use of the house by'the defendant in the execution. Besides, the use of this house by George K. Smith was proved by .other and legal evidence, and that fact was not disputed.
2. Section 3798 of the Code excludes a party as a witness for himself, where one of the original parties to the contract or cause of action in issue or on trial is dead, or where an executor or administrator is a party in any suit on a contract of his testator or intestate. It is not pretended that this case falls within the latter clause of this section. Nor can it be properly said that the spirit and meaning of the first clause require *that Mrs. Smith should be held incompetent as a witness, when her testimony does not seek do impose any burden or liability on her husband’s estate. That estate can have no possible interest in the result of this suit. It is a contest between Mrs. Smith and a purchaser of the property under an execution against her husband. The judgment can charge nothing — not even cost on the deceased maker of the deed to Hamilton, nor can it benefit him. The testimony seeks to set up nothing against his act, character or estate, which he, being dead, cannot controvert. And, after all, is not that fact a good test to determine the proper construction of the words of the section quoted, in ascertaining who were intended to come within those exceptions? See Johnson vs. McCombs, decided at this term.
3. It was objected that the testimony as to what Dr. Hamilton said to Smith, to-wit: that “he might have possession of the house, free of rent, if he would pay the taxes and keep up repairs,” was not competent, because no reply of Smith was proven. But it was in proof that Smith did keep possession after the proposition was made, and as the plaintiff claimed that such possession was a badge of fraud, it was proper that the evidence should go to the jury for what it was worth.
4. The fourth clause of section 397 of the Code requires sheriffs “to keep an execution docket, wherein they must enter a full description of all executions delivered to them, * * * together with all their acts and doings thereon, and have the same ready for use in any Court of their county;” and section 398 requires these books, after becoming full, to be deposited in the clerk’s office, “to be kept as their other books of record.” It was made to appear that the original executions were lost; that the sheriff who made the entries was dead, and the record of the judgment on which the executions issued was produced. This made the books thus kept, as required by law, the next best evidence in this case. Certainly they were competent, when no other proof could be had.
5. We do not think there was any evidence to justify the Court in giving in charge the request made by defendant’s *counsel, as to the deed being a mortgage. There was nothing that would have authorized the jury so to find. *437 There have been two verdicts for the plaintiff; the Court refused to disturb this verdict, and we do not feel justified in controlling his discretion, under the evidence in this case.
Judgment affirmed.