ORVILLE BARBER, plaintiff in error, *vs.* ELIHU S. TERRELL, defendant in error.

1. A judgment creditor who, in this state, has a lien by statute on all the property of his debtor, whether it be in possession or has been sold in fraud of creditors, and who does not prove his debt in bankruptcy, may proceed by levy on property that has been fraudulently conveyed by the debtor before the passage of the bankrupt act, and may prosecute the same against the claimant, although the defendant in execution obtained a discharge in bankruptcy before a final trial of the claim case.

2. A claimant cannot, for the purpose of showing that the defendant in *fi. fa.* was indebted to him, introduce in evidence a private memorandum of debts made out by the defendant, nor the schedule attached to his petition in bankruptcy, both having been executed after the claimant's purchase of the property levied on, and after plaintiff obtained his judgment.

3. An instrument attested by witnesses cannot be used in evidence, by merely proving the handwriting of the party who signed it.

4. If it be agreed between an insolvent debtor and the purchaser of property from him, that he shall remain in possession thereof during his life, it is such a reservation of a benefit to the debtor as may avoid the conveyance.

5. On the trial of the issue whether a conveyance is fraudulent against creditors, it is competent for the plaintiff in *fi. fa.* to prove the pendency of suits against the debtor at the time of the execution of the deed.

6. When the general instructions given to the jury cover and include the question contained in a written request, the failure to give such request in charge is not a sufficient ground for a new trial.

7. On the trial of a claim case, it is not error for the court, at the conclusion of the charge to the jury, to inquire of counsel if they desire the law upon the matter of damages to be given in charge.

Bankrupt. Judgment. Liens. Evidence. Claims. Debtor and creditor. Charge of Court. Practice in the Superior Court. Before Judge BARTLETT. Greene Superior Court. March Adjourned Term, 1874.

Elihu S. Terrell recovered a judgment against Josiah Davis at the December term, 1866, of Greene county court.   Execution issued, and in May, 1873, was levied on a house and lot.   A claim thereto was interposed by Orville Barber. Upon the trial of the issue thus formed, substantially the following facts appeared :

Davis conveyed the property in dispute to the claimant on April 19th, 1866, for an alleged consideration of $2,500 00. The claimant is described as being of the county of Litchfield, in the state of Connecticut.   He was not present at the time of the execution of the deed, and no money was seen to pass.   Davis was adjudged to be a bankrupt on February 15th, 1868.   He was finally discharged by the district court of the United States for the southern district of Georgia, on August 13th, 1873.

The claimant offered in evidence the certificate of the discharge of Davis.   On objection taken it was excluded on the ground of irrelevancy, and the claimant excepted.

The claimant offered in evidence a memorandum in the handwriting of Davis, made out two years after the alleged sale to claimant, and also the schedules attached to his petition in bankruptcy, showing an indebtedness to claimant of $3,000 00.   The evidence was excluded, and claimant excepted.

The claimant offered in evidence a power of attorney from him to defendant in *fi. fa.*, executed on August 3d, 1866, authorizing the latter to sell the property in controversy for him.   It was objected to until its execution was proved by the attesting witness.   The claimant proposed to show that the signature was in his handwriting by evidence other than that of the attesting witness.   This the court refused to permit, and excluded the instrument.   To this ruling claimant excepted.

There was evidence tending to show that at the time of the conveyance to claimant, Davis was insolvent; that it was agreed between him and claimant that he was to remain in possession of the property until his death.   It was shown

that he actually did remain in possession until his death, which occurred several years after the sale.

Plaintiff in *fi. fa.* offered in evidence the records of suits pending against Davis at the date of the conveyance to claimant. The latter objected to the testimony. The objection was overruled, and he excepted.

The jury found the property subject. The claimant moved for a new trial, upon the ground that the court erred in each of the aforesaid rulings, and for these further causes :

Because the court erred in charging the jury, that if they believed there was an agreement between the claimant and the defendant in *fi. fa.* that the latter might occupy the premises sold as long as he lived, such agreement was a reservation of a benefit or trust for the vendor, and is void.

Because the court erred in asking counsel, at the conclusion of his charge, if they desired the jury instructed upon the subject of damages.

Error was also alleged in a refusal to charge, but as the request was, in substance, embodied in the general instructions given to the jury, it is deemed unnecessary to set it forth here.

The motion was overruled, and the claimant excepted.

E. C. KINNEBREW, for plaintiff in error.

M. W. LEWIS; P. B. ROBINSON; W. H. BRANCH, for defendant.

TRIPPE, Judge.

1. A judgment creditor in this state has a lien by statute on all the property of his debtor. By the act of 1818, (Code, section 1952,) a fraudulent conveyance by a debtor is *null and void* as to his creditors. Whenever a judgment is obtained and the creditor desires to assert it against property which his debtor has transferred on the ground of fraud, he can enforce it directly by a levy on such property, even if it were transferred before judgment. There is no necessity to institute any

Barber *vs.* Terrell.

original proceeding for that purpose, to which it may be necessary to make the debtor and purchaser parties. And this, we think, makes this case different from those wherein it has been held that property fraudulently conveyed by one before he goes into bankruptcy can only be proceeded against by the assignee. All those cases, so far as they have been examined, where such a holding was made were cases where the proceeding was not directly by a levy, but by bill or other process, for the purpose of vacating and setting aside the alleged fraudulent conveyance: 48 Miss., 101; 105 Mass., 136; 1 B. R., 129, 146, 162, 204; 3 *Ibid.*, 138; 6 Blatchf., 156. That the assignee may assert the creditor's rights against such property is not disputed, and if the creditor has proved his debt in the bankrupt court, he may not be able to proceed in his own name, or in any other way but through the assignee. But if he has not so proved his debt, and relies on his lien, and the assignee does not act, nor any step be taken in the bankrupt court to reach the property, the state courts will not interfere to prevent the creditor from seeking to condemn it, nor will they listen, in such a case, to such a transferee when he, as claimant of the property, sets up the bankruptcy of the party from whom it is proposed to be proved he obtained it fraudulently as against the attaching creditor.

2. The sayings or declarations of a defendant in execution cannot be used in evidence in behalf of a claimant, and the memorandum and schedule which were tendered in this case were nothing more than the declarations of Davis, the debtor: 6 *Georgia*, 365; 12 *Ibid.*, 505.

3. The other questions which were presented in the record are so clear that it is only necessary to repeat the points contained in the syllabus. Where an instrument is attested by witnesses, it cannot be used in evidence by simply proving the handwriting of the party who signed it.

4. An agreement by an insolvent debtor with the purchaser of property from him, that the debtor shall remain in possession thereof during his life, is such a reservation of a benefit to the debtor as may avoid the conveyance. Certainly such

a stipulation between the parties, though not inserted in the conveyance, will, if unexplained, be a badge of fraud, especially if acted on and the debtor does remain in possession.

.5. On the trial of the issue whether a conveyance is fraudulent against creditors, it is competent for the plaintiff in execution to prove the pendency of suits against the debtor at the time of the execution of the deed.

6. It is not a sufficient ground to set aside a verdict and grant a new trial, that a written request was not given in charge to the jury, when the general charge included the matter contained in such request.

7. Whether the jury will give damages against a claimant is a question that appertains to every claim case. There are cases in which, though the property may be found subject, it would be wrong to give damages, but generally it is a matter so exclusively with the jury that a court would seldom interfere with their action upon it. The mere inquiry by the court when it is charging the jury, whether the parties desired the law on that question to be stated, cannot be error.

Judgment affirmed.