NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—
March, 1882.

## SWARTOUT *v*. SCHWERTER.*

### *In the matter of the estate of* ALEXANDER C. POILLON, *deceased.*

A receiver appointed in supplementary proceedings (under Code Pro., §
298), on duly qualifying, became, without any assignment, completely
vested with the judgment debtor's title to a chose in action then owned
by him, and, as a consequence, to a judgment afterwards recovered in
his name thereon. Such title could not be disturbed by an assignment
afterwards made by such debtor, nor by the appointment of an assignee
of his property in bankruptcy proceedings taken two years later, at
least so far as such judgment or its avails were necessary to enable
such receiver to satisfy the judgments under which he was appointed.

On April 15, 1876, Sw. was appointed receiver of the property of K., in
supplementary proceedings instituted on certain judgments against the
latter. At that time, a claim existed in K.'s behalf, against decedent,
for services rendered by K. to him in his life-time, one-half of which
claim, however, K. had assigned to X. On this claim, K. recovered a
judgment against the executors, etc., of decedent, in May, 1876. In
August of the same year, Sc. recovered a judgment against K., who,
in January, 1877, in obedience to an order made in proceedings upon
that judgment, assigned to Sc. one-half of the judgment so recovered
against the executors. The last-mentioned judgment was afterwards
set aside, but another was entered in K.'s name against the executors,
in February, 1880. In May of that year, K. was discharged in bank-
ruptcy from all his debts existing December 27, 1877. In proceedings
for the distribution of the proceeds of a sale of decedent's real estate
for the payment of his debts, a contest arising on the question to whom
the share corresponding to the half of K.'s demand not assigned to X.
belonged,—

*Held*, that, as such share was less than the aggregate amount of the judg-
ments represented by Sw., he was entitled thereto for the benefit of the
creditors in those judgments,—he having qualified before the assign-
ment to Sc., and his title not being affected by that assignment, nor by
the bankruptcy proceedings, or the discharge of K. therein.

* See p. 43, *ante*, for a previous decision in this matter, on another
point.

REARGUMENT of exceptions to report of referee (appointed, in creditor's proceeding to sell decedent's real estate for the payment of debts, to take proof of a claim for which John Kavanagh had recovered a judgment against one Wilson and others, executors, etc., of decedent, and of the rights and interests of certain parties therein), so far as the same related to the respective rights of Angustus Schwerter and T. G. Swartout, receiver, etc., to certain proceeds of sale awarded by said report to the former.

The facts appear sufficiently in the opinion.

NELSON SMITH, *for T. G. Swartout.*

C. C. EGAN, *for Augustus Schwerter.*

THE SURROGATE.—Certain judgments were recovered against one Kavanagh, prior to April 15, 1876.    On that day, one Swartout was appointed receiver of Kavanagh's property, in proceedings supplementary to execution upon these judgments.    At the time of this appointment, there subsisted a claim and demand, in behalf of Kavanagh, against the executors of the decedent, for services which Kavanagh had rendered him in his life-time.    One-half of this demand had been assigned by Kavanagh under circumstances not necessary to be here considered.    This demand constituted a chose in action, to one-half of which Kavanagh, at the time of the receiver's appointment, was entitled, against decedent's executors.    In May, 1876, Kavanagh recovered judgment against them.    In August, 1876, one Schwerter recovered a judgment against Kavanagh, who subsequently, in January, 1877, in pursuance of an order made in proceedings upon such judgment, assigned to Schwerter the one-half of the judg-

ment he himself had recovered against Poillon's executors. The judgment so assigned was subsequently set aside, but another was obtained, upon the same demand, against the same parties, in February, 1880. It is that one-half of the judgment against the executors of the decedent which is the bone of this contention. In May, 1880, Kavanagh obtained his discharge in bankruptcy, from all his indebtedness prior to December 27, 1877. It is claimed that this discharge swept away the judgments touching which the receiver was appointed, and such interest, if any, as he had obtained thereunder ; but that it left unimpaired the assignment to Schwerter, and the rights which he had thereby acquired. And it is insisted that Schwerter's claim to the one-half of the judgment now in question is still in force.

If the title to one-half of Kavanagh's demand passed to the receiver, it is manifest that the judgment creditors, on whose motion he was appointed, are entitled to have the same and the avails thereof applied upon their judgment, notwithstanding the proceedings in bankruptcy which resulted in Kavanagh's discharge (see cases cited hereafter). The assumption that the title did not so pass seems to me to ignore entirely the effect of section 298 of the former Code of Procedure, pursuant to which the receiver was appointed. It is now settled that such a receiver who had duly qualified became, by virtue of such appointment and qualification, even without any assignment to him by the judgment debtor, completely vested with the title of the personal property of the debtor, and with all his right and interest therein, for the benefit of those at whose instance he was appointed (Chautauqua Co. Bank *v.* Risley, 19 *N. Y.*, 375 ; Porter *v.* Williams,

9 *Id.*, 142 ; Bostwick *v.* Menck, 40 *Id.*, 383 ; Wing *v.* Disse, 15 *Hun*, 190).

We have seen that the demand, upon which the judgment was obtained by Kavanagh, was a chose in action existing at the time of the receiver's appointment, to one-half of which Kavanagh was then legally entitled. As the receiver was appointed and had qualified before the assignment to Schwerter, he became thereby entitled, for the benefit of the judgment creditors, as against the assignee, to one-half of that demand, and as a consequence to one-half of the judgment procured thereon. This interest of the receiver and of the creditors was not affected by the proceedings taken in bankruptcy two years later, nor by the discharge therein of Kavanagh.

No assignee appointed in such proceedings could disturb the title which the receiver had acquired to the judgment in question, nor the interest therein of the judgment creditors whom he represented, at least so far as such judgment or its avails were necessary to enable the receiver to satisfy the judgment (Wilson *v.* City Bank of St. Paul, 17 *Wall.*, 473 ; Mays *v.* Fritton, 20 *Id.*, 414 ; Doe *v.* Childress, 21 *Id.*, 643 ; Marshall *v.* Knox, 16 *Id.*, 551 ; Yeatman *v.* Savings Institution, 95 *U. S.*, 764 ; 101 *Id.*, 738 ; Sedgwick *v.* Menck, 1 *Nat. Bank. Reg.*, 675).

I have reason to believe that the cases above cited were not called to the attention of my predecessor, or of the referee in this proceeding ; else a different disposition might have been made of this matter. As I agree with the referee that a certain other assignment, made by Kavanagh in January, 1876, was invalid, and as the aggregate amount of the judgments to which the receiver

Swartout is entitled, exceed the one-half part of the judgment in question, I think that such one-half part should be awarded to the receiver.

The referee's report may be so modified, and a decree entered accordingly.