10058.  VIRGINIA-CAROLINA CHEMICAL CO. v. HOLLIS.

JENKINS, J.   1.  The motion to dismiss the bill of exceptions upon the ground that the assignments of error made do not plainly specify the errors alleged is without merit.  *Wyly* v. *Burnett*, 43 *Ga.* 438 (2); *Holst* v. *Burrus*, 79 *Ga.* 111 (4 S. E. 108); *Phillips* v. *Southern Railway Co.*, 112 *Ga.* 197 (37 S. E. 418); *Meeks* v. *Meeks*, 5 *Ga. App.* 394 (63 S. E. 270); *Savannah Trust Co.* v. *National Bank*, 16 *Ga. App.* 706, 717 (86 S. E. 49).

2.  A written notice to produce certain papers having been given by the plaintiff, but no oath having been made by him as to their materiality; or that they were in the claimant's possession, and counsel not having stated in their place anything upon these points, the court did not err in refusing to compel the production of the papers.  Civil Code (1910), § 5842; *Parish* v. *Weed Sewing Machine Co.*, 79 *Ga.* 682, 685 (3); (17 S. E. 138); *Carlton* v. *Western & Atlantic R. Co.*, 81 *Ga.* 531 (2) (7 S. E. 632); *Georgia Iron Co.* v. *Etowah Iron Co.*, 104 *Ga.* 395 (4) (30 S. E. 878; *Carrington* v. *Brooks*, 121 *Ga.* 250 (48 S. E. 970).  Moreover, the court is inclined to hold that the notice as given was too general and indefinite in its nature.  *Branan* v. *Nashville &c. Ry. Co.*, 119 *Ga.* 738 (46 S. E. 882.)

3.  If a defendant sells his property in order to prevent his creditors from making their claims out of it, the sale will be void as to him; and if at the time of the sale the purchaser has reasonable ground to suspect that such is his object, the sale will be void also as to the purchaser.  Civil Code (1910), § 3224 (2); *Smith* v. *Wellborn*, 75 *Ga.* 799.

4.  The fact that suits were pending against the vendor at the time of the sale is a circumstance which the jury may have a right to consider on the trial of the issue as to whether the sale was fraudulent as against his creditors (*Barber* v. *Terrell*, 54 *Ga.* 146), as is also the fact of insolvency of the vendor at the time of the sale (*Tillman* v. *Fontaine*, 98 *Ga.* 672, 677, 27 S. E. 149); and where a question as to solvency or insolvency of a person is involved, a fi. fa. against him, with an entry of nulla bona thereon, is admissible in evidence.  *Lawson* v. *Wright*, 21 *Ga.* 242; *Buttram* v. *Jackson*, 32 *Ga.* 409; *Jennings* v. *National Bank of Athens*, 74 *Ga.* 782.  The court therefore erred in excluding the fi. fa. offered in evidence by the plaintiff.

5.  "The possession of property, real or personal, remaining with the vendor after an absolute deed of conveyance, is an evidence of fraud."  *Peck* v. *Land*, 2 *Ga.* 1 (46 Am D. 368); *Smith* v. *McDonald*, 25 *Ga.* 377; *Willingham* v. *Smith*, 48 *Ga.* 580.

6.  The plaintiff in fi. fa. having introduced evidence tending to show that at the time of the alleged sale of the property levied on to the claimant by the defendant in fi. fa. the debt on which the judgment was based existed and the suit in which the judgment was rendered was pending, that the defendant continued in possession of the property for a considerable period of time after the alleged sale, that he was then insolvent, and that there were numerous judgments of record against him at the time of the sale, that the claimant was an employee of the local bank of which the defendant was president, and that in their alleged close business relationship they occupied the same office, it became a ques-

tion for determination by the jury whether the sale was bona fide and for a valuable consideration, or whether the vendor's purpose and intent in making it was to defraud his creditors, and, if such fraudulent purpose did exist, whether the claimant had reasonable cause to suspect the same. *Nicol* v. *Crittenden*, 55 *Ga.* 497 (3); *Planters & Miners Bank* v. *Willeo Cotton Mills,* 60 *Ga.* 168. The judgment dismissing the levy, without submitting to the jury the questions at issue, was therefore erroneous.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED APRIL 19, 1919.

Levy and claim; from city court of Sparta—Judge Moore. August 8, 1918.

1. There was a motion to dismiss the writ of error, "for the reason that the bill of exceptions fails to specify plainly the decision complained of, and the alleged errors committed by the court." The assignments of error relate to (1) a ruling that the response to a notice to produce certain checks was sufficient; (2) a ruling that a certain fi. fa., offered in evidence for the purpose of showing insolvency of the defendant in fi. fa. at the time of the transfer of the property claimed in this case, was not admissible; and (3) the action of the court in dismissing the levy of the execution to which the claim was interposed. Each ruling is followed by the statement that the plaintiff in error excepted to it, and now excepts and assigns the same as error, "upon the ground that said ruling was contrary to law." Cited in support of the motion to dismiss: Civil Code (1910), § 6139; 60 *Ga.* 407 (5), 410; 74 *Ga.* 409; 133 *Ga.* 608 (2), 615.

2. The notice to produce called for documentary evidence described as follows: "Your pass-book at the First National Bank of Sparta, and such other pass-books as you may have at any and all other banks, since you have resided in Sparta, Georgia; also all cancelled checks drawn against deposits made by you on all banks since you have resided in Sparta; also all stock-certificates held by you issued by the Farmers' Warehouse Company of Sparta, Ga., on or about October 11th, 1917." Cited as to the notice: 68 *Ga.* 54 (1); 85 *Ga.* 431; 119 *Ga.* 738 (1).

*H. W. Dent, Wiley & Lewis, Joseph W. Lewis,* for plaintiff.
*Burwell & Fleming,* contra.