## OLIVER *et al.* v. LEWIS.

FISH, C. J.   C. G. Lewis brought an action against J. T. Oliver and his wife, praying for cancellation of a conveyance of land from the husband to the wife. The allegations of the petition, in so far as they are here material, were as follows:   The Oliver-Pratt Manufacturing Company, a partnership, and J. T. Oliver and J. S. Pratt composing the firm, during the year 1912 became indebted to petitioner in the sum of $812, besides interest, for which sums petitioner obtained a judgment against the partnership and the members thereof, at the November term, 1913, upon which execution was issued and is now unsatisfied in the hands of the levying officer. During the fall or winter of 1912 J. T. Oliver made and executed to his wife a deed with warranty, conveying a described parcel of land containing 325 acres, and a certain house and lot in a named city, for a stated consideration of $1000. The property so conveyed is worth many times more than the stated consideration of the deed. Both the firm and the maker of the deed were insolvent at the time of its execution and record, and are now insolvent, and the conveyance was made by Oliver to his wife with the intention to hinder, delay, or defraud the creditors of the partnership, as well as his own creditors, among whom was petitioner, and such intention was known to the wife at the time of the execution and delivery of the deed, and it is therefore fraudulent and void. Demurrers to the petition were overruled, and exceptions pendente lite were filed by the defendants. The answer denied all the material allegations of the petition. A verdict was rendered for the plaintiff. The defendants' motion for a new trial was overruled, and they excepted. *Held:*

1. The petition was not subject to demurrer on the ground that the plaintiff had a complete and adequate remedy at law. *Maynard* v. *Armour Fertilizer Works,* 138 *Ga.* 549 (75 S. E. 582).

2. As the petition alleged that judgment had been obtained for the amount of the plaintiff's indebtedness against the firm and the members thereof, and stated the term at which the judgment was obtained, the petition was not subject to demurrer on the ground that it failed to allege

sufficiently the time at which the debt was created, and the nature or character of the indebtedness.

3. Other grounds of demurrer not referred to in the brief of counsel for the plaintiffs in error, under the rulings of this court, will be considered as abandoned.

4. The solvency of a husband at the time of a transaction between himself and his wife being an issue in the case, it was not error to admit in evidence copies of judgments in favor of third persons against the firm and the members thereof, including the husband, together with executions issued on such judgments and entries of nulla bona by the levying officer, over objection that such documents and entries of nulla bona were irrevelant and hearsay as against the wife. *Lawson* v. *Wright*, 21 *Ga.* 242; *Buttrum* v. *Jackson*, 32 *Ga.* 409; *Jennings* v. *National Bank of Athens*, 74 *Ga.* 782; *Virginia-Carolina Chemical Co.* v. *Hollis*, 23 *Ga. App.* 634 (4) (99 S. E. 154); *Fryberger v. Berven*, 88 Minn. 311 (92 N. W. 1125); 20 Cyc. 775. This is true although some or most of the indebtedness for which such judgments were rendered was contracted subsequently to the date of the execution of the conveyance by the husband to his wife, but prior to the date of its record, the husband and his wife being in possession of the property at the time of the creation of such indebtedness and up to the time of the record of his conveyance to her.

5. A person having a contract in existence at the time when an alleged fraudulent conveyance is made under which the other party to the contract might become liable to him, and who does subsequently become liable to him under such contract, is a creditor of such other person from the time the contract went into effect, within the meaning of the statute against fraudulent conveyances. 12 R. C. L. 492, § 25, and cases cited.

6. Under all the circumstances disclosed in the several grounds of the motion for new trial complaining, in effect, that the judge erred in refusing to continue the case on account of the absence of the defendants, it does not appear that there was any abuse of discretion.

7. One ground of the motion for a new trial sets forth an excerpt from the judge's charge, and the movants contend that "the portion of the charge which asserts that the plaintiff must show that the deed [from the husband to his wife] was made in contemplation of insolvency is error." There was no error here which was cause for a new trial in behalf of the plaintiffs in error. See *Banks* v. *McCandless*, 119 *Ga.* 793 (47 S. E. 332); Civil Code, § 3011.

8. The only evidence submitted in behalf of the defendants was the depositions of the wife, taken at the instance of the plaintiff; and when her entire testimony is considered, it does not appear that it required a finding by the jury for the defendants. There was no abuse of discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 1462. FEBRUARY 11, 1920.

Equitable petition. Before Judge Worrill. Randolph superior court. March 31, 1919.

*R. Terry, C. W. Worrill,* and *M. C. Edwards,* for plaintiffs in error. *Yeomans & Wilkinson* and *James W. Harris,* contra.