### 11789. HOLLIS *v.* VIRGINIA-CAROLINA CHEMICAL CO.

STEPHENS, J. 1. A sale made in the face of a pending suit against the vendor is not fraudulent as a matter of law, but the pendency of a suit against an indebted vendor at the time of the sale may be evidence of fraud and may be considered by the jury as a circumstance in determining whether the sale was fraudulent and made for the purpose of delaying or hindering a creditor. *Va.-Carolina Chemical Co.* v. *Hollis,* 23 *Ga. App.* 634 (99 S. E. 154). Where such a pending suit did not seek to establish an equity or claim (Civil Code of 1910, § 4533) in the property sold, but sought to establish only a general judgment against the vendor, it was, on the trial of a claim of title to the property, made by the purchaser after a levy on the property had been made by another creditor of the vendor, prejudicial error to the claimant for the court to charge that " a pending suit is general notice of an equity or claim to all the world from the time the petition is filed and docketed; and if the same is duly prosecuted and there is no collusion, one who 'purchases pending the suit is affected by the decree rendered therein." Even though the judge subsequently in his charge correctly instructed the jury, such illegal charge, standing unretracted, was error and calculated to mislead the jury.

2. In a contest between the plaintiff in fi. fa. and a claimant, where there was an issue as to whether an alleged sale was fraudulent, a declaration, not in the claimant's presence, by a third person, who participated in the negotiations resulting in the sale, but who was not an agent for the claimant, that in negotiating the sale he was seeking to protect the interest of the defendant in fi. fa., was inadmissible against the claimant, as being hearsay. Such statement, not being made in the claimant's presence, was incompetent to connect the claimant, as purchaser, with knowledge of any fraudulent design of the defendant in fi. fa. as vendor.

3. Declarations in favor of his own title by a defendant in fi. fa. after parting with possession of the property sold are inadmissible against a claimant. The sale having been terminated, such declarations are not admissible as part of the res gestæ. The evidence excepted to in paragraph 4 of the amendment to the motion for a new trial, to the effect that the defendant in fi. fa. had, after the date of the alleged sale and after having parted with possession, made a statement to the witness to the effect that the property in question belonged to the defendant in fi. fa., was improperly admitted.

         *Judgment reversed. Jenkins, P. J., and Hill, J., concur.*
         DECIDED JUNE 6, 1921.

Levy and claim; from city court of Sparta — Judge Johnson presiding. July 10, 1920.

*Burwell & Fleming,* for plaintiff in error.

*H. W. Dent, Wiley & Lewis,* contra.