### HEAD *v.* HOLCOMBE, administrator.

1. The verdict was authorized by the evidence.
2. Under the facts of this case the court did not err in charging the jury "that the claimant in this case, G. W. Head, under the following stipulations set out in the deed which he has introduced, would not be entitled to verdict finding the property not subject, unless it is shown to you from the testimony in the case that he had fully performed the consideration set out in said deed at the time the judgment was obtained in this case; if he had only partly performed the consideration set out in this deed he introduces, he could not recover the property set out in the deed or the property levied on, and it would then be your duty to find the property subject to the execution."
3. Nor was it error, for any reason assigned, to charge "that all transactions between husband and wife, or wife and son, and father and son, are to be scanned with care and scrutinized closely, and slight fraud shown between them might of itself be sufficient to set the transaction aside."

No. 3882. APRIL 19, 1924.

Claim. Before Judge Irwin. Haralson superior court. June 6, 1923.

*Taylor Smith,* for plaintiff in error.

*J. S. Edwards* and *Griffith & Matthews,* contra.

HILL, J. R. C. Holcombe, as administrator of the estate of Wiley Moseley, deceased, obtained a judgment against W. T. Head

and Mrs. W. T. Head. On October 14, 1921, the sheriff of Haralson County levied a fi. fa. based upon the judgment upon certain described land as the property of the defendants, W. T. Head and Mrs. W. T. Head, and the entry of the sheriff showed that the property was found in the possession of the defendants. G. W. Head filed his claim to the land; and on the trial of the case the jury rendered a verdict in favor of the plaintiff, finding the property subject to the fi. fa. The claimant filed his motion for new trial upon the general grounds and two special grounds, which was overruled, and he excepted. The record shows that on the trial of the case the plaintiff introduced the fi. fa., together with the entry of the levy thereon, showing that the property was found in the possession of the defendants in fi. fa., and closed. The claimant testified that he was the son of W. T. Head and Mrs. N. C. Head, the defendants in fi. fa.; that he had been in possession of the property levied on since March 5, 1915, under a warranty deed from his father and mother. "I was present on March 5, 1915, when this deed was executed by my father and mother and delivered to me. I have paid all the taxes on said property since that time. I have fully complied with the terms of this deed and the consideration named therein. I have kept up the lands since March 5, 1915, up to now (and my father and mother did not spend one cent on said property since March 5, 1915). So far as I know, I supported my father and mother from the date of the deed up to the time of my mother's death, and then I paid all her funeral expenses of every kind. I supported her and clothed her to the time of her death, and also my father. I am now taking care of my father; none of the other children ever contributed to their support after the execution of this deed on March 5, 1915. (All of the land levied on by the sheriff in this case is conveyed in this deed to me and under which I hold the land.) All the home place is included in this deed, and that is what the sheriff levied on under this fi. fa. I furnished my mother everything she used from March 5, 1915, to the date of her death, including everything, and she never wanted for a thing. I paid all the bills, and it cost me a good deal of money. When this deed was made and delivered to me it was discussed between my father, mother, and myself. She never did assert any title or ownership to the property after she made this deed to me and put me in possession of the land. I carried out my

part of the contract to the letter, and neither my father or mother ever complained that I was failing to carry out my part of the contract. The suit in favor of the plaintiff against the defendants in fi. fa. was pending at the time of the execution and delivery of this deed. I was a witness in the case, and knew it was pending. My father and mother continued to live on the place after this deed was made."

The scrivener, Biggers, who wrote the deed, testified that he wrote it under date of March 5, 1915; that he first dated the deed March, 1914, but they never signed the deed until March 5, 1915; that he wrote the deed just like the grantor told him to write it. W. A. Waldrop testified that he rented the place in controversy for the year 1919 from G. W. Head, and paid G. W. Head the rents from the place. Claimant also introduced a warranty deed executed by Mr. and Mrs. W. T. Head, dated March 5, 1915, and not recorded until January 16, 1923, the deed reciting the following consideration: "to maintain and support, including all expenses of every kind to the said Mrs. N. C. Head during her life, and a decent burial at her death at the final fulfilling and completion of this consideration. . . This deed not of force and effect until the consideration is fully paid. . . George W. Head is to have the use and rents and pay all taxes and expenses of said premises, but the title does not pass to or vest in him until the consideration herein named is fully paid." Then follows the habendum clause as follows: "To have and to hold the said premises . . to the only proper use and benefit, behoof of the said party of the second part, his heirs and assigns, forever in fee simple." Then follows the warranty clause. Claimant introduced the tax returns for the years 1916 to 1922, showing that G. W. Head had returned and paid taxes on the property in controversy for said years.

The court charged the jury, that under the stipulations set out in the deed the claimant would not be entitled to a verdict finding the property not subject, unless it was shown to the jury from the testimony in the case that the claimant had fully performed the consideration set out in the deed at the time judgment was obtained in the case; that if he had only partly performed the consideration he could not recover the property levied on. It is argued that the charge was error, since the grantors had made and executed the deed in March, 1915, and put the claimant in possession of the

land, even though the deed itself stipulated that title does not pass until the final fulfillment of the consideration. We are of the opinion that this charge is not error, under the facts of this case, for any reason assigned.

Error is also assigned upon the following charge of the court: "I charge you that all transactions between husband and wife and son, or father and son, are to be scanned with care and scrutinized closely, and slight fraud shown between them might of itself be sufficient to set the transaction aside." This charge was not error for the reason assigned, that it amounted to an intimation of an opinion by the court that the transaction was fraudulent, and that it was therefore prejudicial to the claimant's rights and was contrary to the principles of law. *Colquitt* v. *Thomas,* 8 *Ga.* 258 (7); *Barber* v. *Terrell,* 54 *Ga.* 146 (5). "Conveyance to a son-in-law pending suit will be scanned closely, especially where possession is retained." *Gregory* v. *Gray,* 88 *Ga.* 172 (14 S. E. 187); *Va.-Carolina Chemical Co.* v. *Hollis,* 23 *Ga. App.* 634 (4) (99 S. E. 154).

When the plaintiff in fi. fa. introduced in evidence the fi. fa. with the entry of the sheriff, showing that the defendants in fi. fa. were in possession of the premises levied upon, this made out a prima facie case for the plaintiff in fi. fa., and the burden of proof was cast upon the claimant to overcome the burden which the law imposed. The claimant failed to overcome that burden. We are of the opinion that the verdict in this case is authorized by the evidence, and that the excerpts from the charge complained of are not erroneous for any reason assigned; and consequently the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*