## 15624.   BOZIKIS v. ANESTOS.

STEPHENS, J.  1.  The vendor's retention of personal property after an absolute sale to another is an indicium of a fraudulent sale.  *Perkins* v. *Patten*, 10 *Ga.* 241; *Smith* v. *McDonald*, 25 *Ga.* 377; *Willingham* v. *Smith*, 48 *Ga.* 580.

2.  The sale of personalty by a defendant pending an action against him is also an indicium of fraud.  *Colquitt* v. *Thomas*, 8 *Ga.* 258; *Barber* v. *Terrell*, 54 *Ga.* 146.

3.  Where personal property was sold on January 3 by a defendant in a pending suit on a note, and on January 24 a judgment in the suit was obtained against him, and on February 19 an execution thereon was levied upon the property in his possession, the inference is authorized that the property was sold pending litigation against him and that at the time of the sale he retained possession of the property; and where it could be inferred, from other evidence introduced, that the retention of possession by the defendant was not satisfactorily explained, the inference is authorized that the sale was made for the purpose of defrauding the plaintiff as a creditor of the vendor, and that the claimant was a .party to the fraud, and that therefore the sale was void as against the creditor.  Civil Code (1910), §§ 3224 (2), 4109.

4.  Where, after the levy of the execution upon the property, the vendee interposed a claim, and upon the trial of the issue thus formed evidence as above was adduced, the jury was authorized to find the property subject.

5.  It appearing that the property was worth from $500 to $800, an award of damages on account of delay, in the sum of. $150, against the claimant, which has the approval of the trial judge, will not by this court be held as a matter of law excessive.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925.

Levy and claim; from city court of Savannah—Judge Freeman. March 28, 1924.

*R. L. Colding,* for plaintiff in error.

*E. A. McWhorter,* contra.