GUERNSEY, BARTRAM & HENDRIX, plaintiffs in error, *vs.* VIRGINIA C. REEVES, defendant in error.

[JACKSON, Judge, having been of counsel, did not preside in this case.]

1. When an attachment is levied on a house and lot, in possession of and claimed by a third person, and the sheriff, in his entry, states that a copy of such levy was served on the claimant, such statement is inadmissible to bind claimant, as the law does not require notice of the levy to be given as set forth in the return.

2. The fact that the defendant to an equity cause files an answer in the nature of a cross-bill, does not entitle him to the opening and conclusion of the argument.

3. Where sub-contractors file a mechanic's lien against the property of the owner, for work done and materials furnished to the original contractors, and the owner settles in full with the latter without notice of any claim of the sub-contractors, such sub-contractors have no lien.

Officers. Evidence. Attachment. Equity. Practice in the Superior Court. Mechanic's Lien. Before Judge HILL. Bibb Superior Court. April Adjourned Term, 1876.

Reported in the decision.

LYON & NISBET; R. K. HINES, for plaintiffs in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that Mrs. Reeves, on the 2nd of November, 1871, employed Parmenter & Seay, as contractors, to build her a house upon her own lot in the city of Macon, according to the terms stipulated in a written contract executed by the parties; that Mrs. Reeves paid the contractors, Parmenter & Seay, for building the house all that she owed them according to her contract with them. It also appears that Guernsey, Bartram & Hendrix were lumber dealers and mechanics, running a planing mill, etc., and as such mechanics, furn-

ished, at the request of Parmenter & Seay, the contractors, lumber, and materials and work thereon for the building of Mrs. Reeves' house, to the value of $608.24. It does not appear that Mrs. Reeves had any knowledge that Guernsey, Bartram & Hendrix had done any work on the house, or had furnished any of the materials for the building thereof. On the 22nd of January, 1872, Guernsey, Bartram & Hendrix recorded a mechanic's lien on the house and premises on which it was erected, for the amount of their account, for work and materials furnished said Parmenter & Seay for the building of said house on said lot. The proceeding to enforce the lien was commenced by an attachment in favor of the plaintiffs, Guernsey, Bartram & Hendrix, against Parmenter & Seay, who had absconded, and by levying it on the house and lot, which was claimed by Mrs. Reeves, who filed a bill to enjoin that proceeding, to which the plaintiffs in attachment, and defendants to the bill of Mrs. Reeves, filed their answer, and, in the nature of a cross-bill, set up their mechanic's lien. When the case came on for trial, the defendants in the original bill, Guernsey, Bartram & Hendrix, offered in evidence the attachment, with the entry of the levy thereon made by the sheriff, from which it appeared that the following words were written thereon: "Served Mrs. Virginia Reeves with a copy of the above and foregoing levy." The court, on objection being made thereto, ruled out the foregoing words as evidence, for the reason, as stated by the presiding judge in the bill of exceptions, that said words, above quoted, did not appear to be so connected with the balance of said levy as to form a part thereof, and because the said words appeared to have been written with different ink, and in a different handwriting, to which the defendants, Guernsey, Bartram & Hendrix, excepted. The defendants claimed the right to open and conclude the argument to the jury on the ground that they occupied the position of complainants in their answer, in the nature of a cross-bill, which the court refused, and they excepted. The court charged the jury that Guernsey, Bartram & Hendrix did

not have a mechanic's lien on the house and lot of Mrs. Reeves if the foregoing facts, as claimed by them, were true; whereupon they excepted.

1. There was no error in ruling out the words objected to as not being a part of the levy made by the sheriff on the property attached. The law did not make it the duty of the sheriff to give Mrs. Reeves notice of the levy of the attachment, if, she was in possession of the property, as it does when the sheriff levies an execution on land. There-fore it was not legal evidence of notice to Mrs. Reeves of the levy of the attachment; and if it had been, we do not perceive its relevancy as to the main question in issue be-tween the parties.

2. Mrs. Reeves was the complainant in the original bill filed in the cause, and her counsel were entitled to open and conclude the argument to the jury, notwithstanding the de-fendants' answer, in the nature of a cross-bill, had been filed thereto.

3. By the 1959th section of Irwin's Revised Code, it was declared that " All mechanics who have taken no personal security therefor, shall have a lien on every house, or other property, and the premises to which it shall be attached, for work done or materials furnished in building or repairing such house or other property, which lien shall be superior in dignity and of higher claim than any other incumbrance, without regard to date; and such lien upon the improve-ments made by the mechanic shall attach to them without regard to the title." The lumber and materials furnished, and work done, by Guernsey, Bartram & Hendrix were not furnished to Mrs. Reeves on the faith and security of her property for the payment therefor; but on the contrary, the lumber and materials were furnished, and work done, by them for Parmenter & Seay, to enable the latter to build a house for Mrs. Reeves, and the lumber, materials and work thereon, furnished and done by Guernsey, Bartram & Hen-drix for that purpose, were furnished and done by them on the personal credit and security of Parmenter & Seay, and

not on the credit of Mrs. Reeves, or of her property. Guernsey, Bartram & Hendrix furnished the lumber, materials and work, as charged in their bill of particulars, on the personal security of Parmenter & Seay for the payment therefor; and that being so, they had no mechanics's lien on the house and lot of Mrs. Reeves, on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.