## JAMES v. TAYLOR.

93  275
98  676

1. Declarations by a defendant in *fi. fa.* against his title to property in his possession are not admissible in behalf of a claimant, if made after the judgment was obtained or while the litigation was pending and with reference thereto. Code, §§3776, 3784(4).
2. It not appearing from the record that the cost of trying the claim was rendered more or less by reason of the property found not

subject being included in the levy (the whole of the evidence brought up relating to the property which was found subject), it does not affirmatively appear that there was any error in rendering judgment against the claimant for all the cost in the claim case, and in not charging the plaintiff with any part thereof.

3. The verdict was warranted by the evidence, and there was no error in overruling the *certiorari*.　　　　　*Judgment affirmed.*

November 20, 1893.

Levy and claim. Before Judge Rɪᴄʜᴀʀᴅ H. Cʟᴀʀᴋ. Rockdale superior court. April term, 1893.

A *fi. fa.* in favor of Taylor against Curry, issued upon a judgment rendered in March, 1890, was levied upon a mare and other personalty, and James filed a claim. The case was tried on appeal before a jury in a justice's court. The jury found the mare subject, and the other property not subject; whereupon the magistrate entered up judgment for the full amount of cost against the claimant, who by *certiorari* made allegations of error hereafter mentioned. The *certiorari* was overruled.

Claimant testified, that he bought a mule from Whittaker for defendant, and gave his note for it, defendant being also on the note. Whittaker retained title until the mule was paid for. Defendant paid some of the money to Whittaker for the mule. Defendant lived on claimant's lands for a number of years, and used the mule on the place. The mule always belonged to claimant after it was gotten of Whittaker, until defendant traded it for another mule with one Wingate, claimant giving defendant leave to so trade it provided he would pay the difference in value to Whittaker, which was done, or the most of it. Defendant, with claimant's consent, traded the last mentioned mule to Fleming for a horse or mare, and swapped around, and then traded with Maddox for the mare levied on, getting some boot, and paid some of the balance on the Whittaker note, leaving some $27.50 still due on it, which claimant paid Whittaker in the fall of 1889 and took up the note.

The animals so gotten in exchange were claimant's
property and so regarded by defendant, never belonged
to defendant but were to be his when fully paid for, and
he never fully paid for them, and made none of the
trades referred to without the consent of claimant. De-
fendant swapped the mule gotten of Wingate to Saw-
yer for a horse and brought it home, and claimant made.
him return it and get the mule back. Curry is dead.
Claimant was misled in suing out an attachment, not
knowing how to get, at his rights, and being advised to
sue it out; but was afterwards advised he was proceed-
ing wrong, and then withdrew it and filed the claim.

Sawyer testified that in 1887 he made the swap with
defendant, as testified by claimant, when claimant repu-
diated it, and he gave the mule back to defendant.
Claimant proposed to prove by Sawyer, that some time
in 1890 he proposed to trade with defendant for the
mare now levied upon, when defendant said he could
not trade it because it belonged to claimant. This evi-
dence was repelled, on the ground that it appeared that
this statement was made after plaintiff's judgment
against defendant had been entered; and similar testi-
mony of one Swords was repelled for the same reason.
Claimant also offered interrogatories of his wife, to the
effect that she heard defendant say many times that the
mare belonged to claimant, one time being when plain-
tiff and defendant had a trial, defendant saying plaintiff
could get nothing, for the property belonged to claimant;
that when defendant made a mortgage to claimant, claim-
ant telling him he was uneasy about the money defend-
ant owed him, defendant said the property belonged to
claimant any way, and it was unnecessary to give any
mortgage; and that it was not true that claimant only
claimed by the mortgage, but he claimed by agreement
between him and defendant. Error is assigned upon
these rulings.

There was evidence for plaintiff, by various witnesses, that defendant was in possession of the mare levied upon, and said it was his property; that he offered to trade the mare to one Cawthorne, claiming it as his own; that when defendant left, claimant took out an attachment against defendant and placed it in the hands of a witness, pointing out to him this mare to levy on as defendant's property; that Wingate, Fleming and Maddox, when they traded with defendant, paid him boot; that Wingate spoke to claimant about trading for the mule, and claimant said it was all right; that Whittaker would not let defendant have the mule unless claimant would stand for him, and claimant and defendant signed the note, Whittaker retaining title; and that defendant traded the mule to Wingate before it was paid for, getting $10 boot, which he paid Whittaker on the mule note, defendant and claimant paying Whittaker for the mule. It was alleged that the jury found contrary to law, evidence, etc.; and that the magistrate erred in entering up all of the costs against claimant, part of the property levied upon having been found not subject.

J. N. GLENN, for plaintiff in error.

J. R. IRWIN, by brief, *contra.*