## TILLMAN *v.* FONTAINE.

1. An entry of a levy upon an execution against George H. Fontaine described certain crops and stated that they were in the possession of a named person " as agent of George H. Fontaine on the plantation of defendant, which is known as ' Fontaine upper place' in Stewart county." Another entry of a levy upon this execution described other crops and stated that they were in the possession of another named person, " agent for defendant on defendant's plantation in Early county." *Held,* that on the trial of a claim to this property, it was error to sustain a motion by the claimant to strike from the first entry all the words above quoted.  So much of this entry as related to the alleged agency ought to have been stricken, but so much thereof as showed the property to be " on the plantation . . . . known

as 'Fontaine upper place' in Stewart county," should have been allowed to remain. There was no error in striking from the second entry the words quoted, except that those which showed the plantation to be located in Early county should have been allowed to remain.

2. Declarations of the defendant in *fi. fa.*, made after the suit was brought which resulted in the judgment the plaintiff was then seeking to enforce, and shortly before that judgment was rendered, to the effect that the defendant had sold the lands in question to the claimant, were not admissible in the latter's favor, and it was error to compel the plaintiff to read answers to cross-interrogatories propounded to his witness, by which such declarations were shown.

3. Letters written by the defendant in execution during the year in which the judgment was rendered, both before and after its date, to an overseer upon one of the plantations, giving directions as to the cultivation of the crop subsequently under levy and as to the management of the farm during that year, and relating to other like matters, were admissible in evidence for the plaintiff as acts of the defendant tending to show possession and control by him.

4. Declarations of the defendant in *fi. fa.*, made under oath as a witness at a former trial of the same case, in disparagement of the claimant's title, were not admissible in evidence against her.

5. The question of a fraudulent transfer of title from the defendant in execution to the claimant being indirectly, if not directly, involved in this case, it was error to refuse to allow the plaintiff to prove that the defendant was insolvent at or about the time such alleged transfer was made, if made at all.

6. For a like reason it was error to reject the tax books when offered in evidence by the plaintiff for the purpose of showing that the claimant gave in no property for taxation, and as tending to show she had no means with which to purchase the lands in dispute.

7. The plaintiff having introduced evidence showing that the defendant in execution had for fifteen or twenty years before the judgment been in possession of the land on which the crops levied upon were raised, that the overseer and the hands on these lands had all been employed and paid by him, that he had managed and directed the farming operations thereon both before and after judgment, and that the claimant had never been upon the premises nor exercised any control or acts of ownership over the same, this was sufficient to shift the *onus* and put the claimant upon proof of her title, and it was therefore error to dismiss the levy upon the ground that the plain-

43

tiff had shown neither title nor possession in the defendant since the judgment.

June 1, 1896. By two Justices. Argued at the last term.

Levy and claim. Before Judge Willis. City court of Columbus. April 5, 1895.

*Brannon, Hatcher & Martin,* for plaintiff.
*William A. Wimbish* and *McNeill & Levy,* contra.

SIMMONS, Chief Justice.

1. An execution in favor of Tillman against George H. Fontaine was placed by the plaintiff in the hands of the sheriff of Stewart county, who levied it on certain property in that county, and then in the hands of the sheriff of Early county, who levied it on property in the latter county. The entry of levy by the sheriff of Stewart county stated that the property therein described was in the possession of Abe Helton, "as agent of George H. Fontaine, on the plantation of defendant, which is known as 'Fontaine upper place,' in Stewart county, Ga." The entry of levy by the sheriff of Early county stated that the levy was on certain cotton, corn, etc., in the possession of J. H. Dent, "agent for defendant on defendant's plantation in Early county, Ga." The property levied upon in each instance was claimed by Mrs. Fontaine. By consent both claims were tried together. The plaintiff offered in evidence the *fi. fas.* with the sheriffs' entries thereon, and the claimant objected to those portions of the entries which stated that the property was in the possession of Helton and of Dent, "as agent" of the defendant, etc. The court sustained the objection, and the claimant excepted.

We think the court was right in striking out so much of the entries as related to the agency of Helton and Dent. While it is the duty of the sheriff when he makes a levy on property to state in the entry of levy in whose possession the property is at the time of the levy, it is not his duty to state conclusions of law or fact, such as, that the

person in possession is the agent of the defendant in *fi. fa.*
This must in the nature of things be a conclusion of his own
mind, and is not a fact which he is authorized to state in
his levy. In this particular case it was a disputed fact as
to whether these persons were the agents of the defendant
in *fi. fa.* or of the claimant, and we do not think a sheriff
is authorized to settle even *prima facie* such a disputed fact
by a recital in the entry of levy. All that it is necessary
for the sheriff to do in making his levy is "to plainly de-
scribe the property levied on, and the amount of the inter-
est of defendant therein." (Code, §3640.) "The sheriff's
entry is only evidence where he is empowered by law to
make it, and it is thus a lawful entry. All parts of the
entry which it is his duty to make are testimony of them-
selves when it is proved that he made the entry; but no
part which he volunteered to make outside of official obli-
gation to do so, is testimony." *Williams & Co.* v. *Hart*, 65
*Ga.* 206. And see *Guernsey* v. *Reeves*, 58 *Ga.* 290.

The words "on the plantation of defendant which is
known as 'Fontaine upper place,' in Stewart county, Geor-
gia," and "on defendant's plantation in Early county, Ga.,"
ought not to have been stricken. These words located and
identified the property and were to some extent a descrip-
tion of it.

2. The plaintiff sued out interrogatories for one Abe
Helton, and in answer to cross-interrogatory as to whether
the witness was ever in the employment of the claimant,
he testified: "If I was ever in her employ it was through
Mr. George H. Fontaine (the defendant in *fi. fa.*), who told
me he had sold out to her. Mr. Fontaine told me this in
March or April, 1891." The plaintiff objected to the an-
swer on the grounds, that it was not responsive to the ques-
tion, and was illegal and hearsay and made after the suit
was instituted which resulted in the judgment and *fi. fa.*
The objection was overruled, and to this ruling the plain-
tiff excepted. We think the court erred in not ruling out

this testimony. According to this testimony, the declaration of the defendant in *fi. fa.* here referred to was made pending the litigation which resulted in the judgment which the plaintiff in *fi. fa.* was seeking to enforce, and shortly before the judgment was rendered. Declarations of a defendant in *fi. fa.* made under such circumstances are not admissible in favor of the claimant. Code, §3784(4); *James* v. *Taylor*, 93 *Ga.* 275. To allow this kind of evidence would be to put it in the power of a defendant in *fi. fa.* to make a fraudulent sale of property and establish the *bona fides* of the sale by telling others that he had sold to the claimant.

3. The defendant in *fi. fa.* wrote certain letters to the overseer of one of his plantations during the year in which the judgment was rendered, the subject-matter of the letters being directions as to the planting and cultivation of the crops, the managing and furnishing of produce to laborers, care of live stock on the farm, inquiries as to the crops, and shipment of supplies to the plantation. In none of these letters was the claimant's name mentioned, or any reference made to her having any claim or interest in the farm, stock or crops. To the introduction of the letters the claimant objected, upon the ground that they were statements or declarations of the defendant and not binding on the claimant. The objection was sustained, and to this ruling also plaintiff excepted. In our opinion these letters amounted to more than mere declarations. They were acts of the defendant tending to show possession and control of the property by him. If he had resided upon the property and had exercised acts of control and ownership, no one would doubt that such acts would be admissible in evidence in a case of this kind. The plaintiff would be allowed, in such a case, to prove that he was on the plantation, that he directed and controlled the movements of the overseer and the laborers, that he directed where corn should be planted, when it should be gathered, what

particular field should be plowed, when the cotton should be picked and ginned, and to what market it should be sent. All these would be acts of the defendant tending to show that he exercised control and ownership of the property. So likewise are these letters. They are directions to the overseer what to do about all the farming operations, when to do it and how to do it, and they show that he still exercised control and ownership.

4. Pending the trial the plaintiff offered to prove by a witness that the defendant in *fi. fa.*, while testifying on a former trial of the case, made certain admissions in disparagement of the claimant's title. The court declined to admit the testimony, and to this ruling the plaintiff excepted. There was no error in excluding such testimony. See section 3784 (4) of the code, cited *supra*, which excludes declarations of "defendants in *fi. fa.* in claim cases after the pendency of litigation." Moreover the testimony of a witness on a former trial could not be given in evidence against the claimant on a subsequent trial so as to bind her, where it did not appear that the witness was dead or inaccessible. *McElmurray* v. *Turner*, 86 *Ga.* 215.

5, 6. We gather from the record, that the real question at issue between the plaintiff and the claimant was as to whether the transfer of the property by the defendant in *fi. fa.* to the claimant was fraudulent or not. All relevant facts and circumstances which would tend to throw light upon this question were admissible. Fraud is subtle and in many cases hard to prove, and the party alleging fraud ought to be allowed to prove any facts and circumstances which will tend to show it. We think, therefore, that when the plaintiff offered testimony to show that the defendant was insolvent at or about the time the transfer was made to the claimant, the court ought to have admitted it; and for this reason the tax books of the county, which were offered in evidence by the plaintiff to show that the claimant returned no property for taxation, were also admissible.

This fact, while not conclusive, was at least a circumstance which could be taken into consideration by the jury as tending to show that the claimant did not have the means with which to purchase the land in dispute.

7. Evidence was introduced by the plaintiff, tending to show that the defendant in execution had for fifteen or twenty years before the rendition of the judgment been in possession of the land on which the crops levied upon were raised, that the overseer and the hands on these lands had all been employed and paid by him, that he had managed and directed the farming operations thereon both before and after judgment, and that the claimant had never been upon the premises nor exercised any control or acts of ownership over the same. This we think was sufficient to shift the *onus* and put the claimant upon proof of her title; and it was therefore error to dismiss the levy upon the ground that the plaintiff had shown neither title nor possession in the defendant since the judgment. *Judgment reversed.*