17982.   NESMITH v NESMITH, administratrix.

STEPHENS, J. 1. An extrajudicial statement respecting the title to the property levied on, made by the defendant in fi. fa. in a claim case, is not inadmissible under the Civil Code (1910), § 5776, as being an admission, when it is offered and admitted in evidence solely for the purpose of impeaching the testimony of the defendant in fi. fa. The decision in *Otis* v. *Brown*, 59 *Ga.* 711 (4), seems to be controlling, in respect to the ruling in *Luke* v. *Cannon*, 4 *Ga. App.* 538 (2) (62 S. E. 110). Where the defendant in fi. fa. had testified that the title to the property levied on was in the claimant, the admission in evidence by the court, solely for the purpose of impeachment, of the schedule in bankruptcy filed by the witness, in which he had scheduled the property as belonging to him, was not error upon the ground that the statement therein as to title was an admission by the defendant in fi. fa. and was therefore inadmissible.

2. A charge in a claim case, that if the jury believed that the claim was interposed for delay only, they should award damages to the plaintiff against the claimant, is a correct statement of the law. Civil Code (1910), § 5169. The charge is not subject to the exception that it was incorrect and tended to confuse the jury, to the prejudice of the claimant's case, and that the court in so charging erred in ignoring other phases of the case than that of delay.

3. The remaining assignments of error, not being insisted upon, are treated as abandoned.

Appeal and Error, 4 C. J. p. 1068, n. 16.
Executions, 23 C. J. p. 601, n. 5; p. 609, n. 58.
Trial, 38 Cyc. p. 1598, n. 26 New.

4. The judgment overruling the claimant's motion for a new trial is affirmed.    *Judgment affirmed.    Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 3, 1928.

Claim; from city court of Bainbridge—Judge Spooner. February 7, 1927.

*M. E. O'Neal,* for plaintiff in error.

*D. R. Bryan, R. G. Hartsfield,* contra.