## 19969. ALFORD v. SHARBER.

STEPHENS, J. 1. Although upon the trial of a claim case, where the property in controversy consisted of a mare and a mule, it appeared uncontradicted from the testimony of the claimant herself that she had bought the property through the defendant in fi. fa., who was her husband, as her agent, that he with her authority had mortgaged the mare as security for the purchase-money for the mule when he purchased the mule, and that she paid the note which was given for the purchase of the mule out of her own funds, yet where it further appeared from the evidence that the husband when buying the mule and when executing the mortgage on the mare executed the writings evidencing these transactions in his own name and not as an agent for the wife, and where it also appeared from the evidence that the claimant had never returned the property for taxes, the evidence was sufficient to authorize the inference, that, since the transaction arose out of the relationship between husband and wife, the alleged agency of the husband for the wife was not real and bona fide, and that the husband's buying the mule in his own name, although it was afterwards paid for by the wife, acquired the title thereto in himself, and that the husband in mortgaging the mare in his own name did so as the owner thereof and had title thereto. The evidence therefore would have authorized a verdict for the plaintiff in execution, and the court erred in directing a verdict for the claimant. *Tillman* v. *Fontaine*, 98 *Ga.* 672 (27 S. E. 149); *McLendon* v. *Dunlap Hardware Co.*, 3 *Ga. App.* 206 (59 S. E. 718).

2. Since the validity of either of the papers executed by the husband in the transaction respecting the mare and the mule was not a fact relevant to the issue as to whether the title to this property when levied upon was in the wife as claimant, but since the evidence as to the husband's agency in executing these papers was relevant only for the purpose of establishing the fact that he in so doing was acting, not for himself, but for the wife, there is no merit in the objection to the admission of the evidence respecting the husband's agency for the wife, upon the ground that it does not appear that the husband's agency was created by a writing under seal.

3. The evidence as to a declaration made by the defendant in fi. fa., after the levy, that the property levied on belonged to the claimant and that the defendant in fi. fa. bought the property merely as the claimant's agent, was improperly admitted, since it was a declaration made by the defendant in fi. fa. after the pendency of the litigation. Civil Code (1910), § 5776(4). *Nesmith* v. *Nesmith*, 37 *Ga. App.* 779 (142 S. E. 176), is distinguishable.

4. The court having erred in directing a verdict for the claimant, it was error to overrule the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 28, 1930.

*J. D. Bower Jr.,* for plaintiff. *J. E. Drake,* for defendant.