he would be permitted to derive a benefit from his own misconduct—a *position altogether inadmissible.*"

This case is cited with approbation in that of Andrews *a.* Montgomery (19 *Johns.*, 164); Webster *a.* Reed (11 *How., U. S.*, 460); Perry *a.* Meadowcraft (10 *Beav.*, 122); Fletcher *a.* Rapp (1 *Smedes & M.*, 375); State *a.* Little (1 *N. H.*, 257); Dobson *a.* Pearce (2 *Kern.*, 156).

On a review of all the cases, and from much reflection upon them, I am clearly of the opinion that the demurrer cannot be sustained, but that the plaintiffs are entitled to a judgment, with liberty to the defendants to answer, on payment of costs, within twenty days.

---

## THE PEOPLE *a.* THE RECTOR, &c., OF TRINITY CHURCH.

*Supreme Court, First District; At Chambers, March*, 1858.

Books and Papers.—Affidavit to obtain Order for Discovery.

In an application for a discovery of books and papers, whether it is made under the provisions of the Code or of the Revised Statutes, the petition or affidavit of the moving party must state definitely what it is that he seeks to discover, so that the court may see that it is material to the case.

*It seems,* that entries, of which a discovery is sought, must be described with sufficient certainty to enable the adverse party to ascertain whether such exist in his possession.

When the people of the State are the parties making such application, the necessary facts must be stated, not on the information of the petitioners, but the person from whom such information is derived should himself make the affidavit or petition, and state the facts positively, or the nature of the information he has of them.

Petition for a discovery of matters contained in the records of the defendant.

The facts are stated in the opinion.

Ingraham, J.—The plaintiffs move for a discovery of the minutes kept by the defendants from 1696 to 1716. The pe-

tition states that the plaintiffs are informed and believe that such minutes contain evidence in their favor, in entries of the doings of the corporation, &c., in reference to lands in suit, and the title trusts thereof, and in reference to the acts and doings of other parties touching the same. Whether this application is made under section 388 of the Code, or the provisions in the Revised Statutes, it is necessary to show to the court what is required by the moving party, and that it is in the possession of the defendants. The rules of the Supreme Court (*Rules*, 9, 10, and 11) require that the petition, under the Revised Statutes, should state the facts and circumstances, and that the discovery is necessary for some special purpose. Section 388 of the Code requires proof that what is asked for should be evidence relating to the merits of the action. In order to establish either of these requisites, something more is necessary than a mere affidavit, founded on information and belief, that the books of minutes contained something in regard to the acts and doings of the parties. It should specify what the entries are which are required, and should not rest on mere information. How the plaintiffs (the people) could have been informed, is open to inquiry. How the belief of the plaintiffs (the people) could be ascertained, is also a matter of doubt. Information may be communicated by one to another, whether such information is true or not. The party who gives the information should himself state the facts, if founded on knowledge, or at least the nature of the knowledge so communicated, to warrant this proceeding.

The idea that a plaintiff, on an affidavit that he had been informed that certain books contained something (without knowing what) relating to the merits of an action, and therefore that he was entitled to a full examination of his opponent's books of minutes, or other private papers, is not, in my judgment, warranted by the statute or the Code.

There is another reason why more certainty should be required. The opposite party has the right to deny that there are such entries in the books. This he cannot do under such a sweeping affidavit as the present. He has the right to require that the evidence sought for should be specifically stated; and when so stated, he is then to say whether it is in his possession. From the present affidavit, it is a mere matter of opinion what

is in the books, or whether what is there is at all material to the action.

If such a loose affidavit is held to be sufficient, the opposite party will be in almost every case compelled to submit his books to his opponent, without knowing what is required, or having the opportunity to examine his books to see whether they contain the entries, a discovery of which is sought for.

None of the cases to which I have been referred warrant such a mode of stating the evidence sought for. They all condemn the use of these statutory provisions for the purpose of fishing for testimony, of the existence of which the party has no knowledge.

In Hoyt *v.* The American Exchange Bank (1 *Duer*, 652; S. C., 8 *How. Pr. R.*, 89), Bosworth, J., says: "Enough must be stated to justify a presumption that entries, &c., are in the possession of the party, and that they will tend to establish some claim of the party asking for the discovery."

He cannot be subjected to a fishing investigation, to ascertain whether he has books which may contain evidence relating to the merits, &c.

He has no right to have a general inquisitorial examination of the books of his adversary, to ascertain if perchance something cannot be found which will aid the moving party.

Neither has a party a right to make a general search among the books of his adversary for evidence.

If the applicant cannot specify, it cannot be safe or proper to compel a general examination of the private books of an adversary (Brevoort *v.* Warner, 8 *How. Pr. R.*, 321).

In The Commercial Bank of Albany *v.* Dunham (13 *Ib.*, 541), the application was made upon an affidavit that the plaintiffs were informed and believed that the books of the defendant would show certain matters they wished to prove. Harris, J., says: "In this case, had the application been made for the inspection or copy of specific entries, containing evidence, &c., I should have granted the motion; but they ask for license to search all the books, &c., for a period of eight years, &c., in the expectation that somewhere they may find some evidence that will aid them in sustaining the issue in this cause upon the trial."

The case relied upon by the plaintiffs' counsel is Gould *v.* McCarty (1 *Kern.*, 575). In regard to that case, it is proper to

remark, that the affidavit stated that the defendant had books containing entries of the sales, loans, or hypothecation of certain stock, made by the defendant. The entry was, in this case, specifically described, and was not stated to be on information and belief. In that case, also, from the opinion of the justice, it does not appear that he passed upon the sufficiency of the affidavit.

There may be entries in the defendants' minutes which would be evidence in this case, but such entries must be described, so as to enable the party to ascertain whether they exist, and so as to enable the court to decide whether they are material, before a discovery should be ordered.

Motion denied, without prejudice to a renewal of the motion.