Bowman, ex'or, vs. Long, guard'n.

Robert Bowman, executor, plaintiff in error, vs. Jesse L. Long, guardian, defendant in error.

[1.] If the guardian of a legatee, whose legacy is limited over in remainder, if he should die before he attains the age of twenty-one years, sues for the recovery of the legacy, the defendant may amend his answer before the hearing, and allege the embarrassed circumstances, and perhaps, insolvency of the guardian, and ask the Court that he may be required to enter into bond for the security of the remaindermen.

[2.] If a cross bill should be necessary, the Court of the county in which the original suit is pending, has jurisdiction of it.

In Equity, from Bibb county.   Decision by Judge Lamar, at December Term, 1858.

See the facts of this case reported in 23d vol. Ga. R. p. 242.

Upon this cause again coming up to be heard, defendant's solicitors asked leave to amend his answer, by alleging that complainant was embarrassed in his circumstances, if not insolvent; and that the parties entitled, under the last will and testament of John Bowman, deceased, as contingent remaindermen to the property bequeathed to William Henry Long, would be prejudiced, and their interests in said property seriously jeoparded, unless the said Jesse L. Long, the complainant, be required to give good and sufficient security for the forthcoming of said property, in the event of said William Henry Long dying before he attained the age of twenty-one years; and praying the Court to decree that, upon defendant's turning over to said complainant said property, he should be required to enter into bonds, with good security, in such sum as may be deemed sufficient by the Court, to said defendant, as the executor of the said John Bowman, deceased, for the security, forthcoming and delivery of said property, in the event of said William Henry Long dying before he attains the age of twenty-one years; which request to amend the Court refused, and defendant excepted.

Defendant's solicitors then moved for a continuance of said cause, to afford them time and opportunity to file a cross bill against complainant, setting out therein the same matters, and praying the same relief that they had proposed by way of amendment to the answer. Which motion the Court refused, on the ground that Jesse L. Long, being a resident of the county of Troup, the Court did not have jurisdiction; to which decision counsel for defendant excepted.

Poe & Grier, for plaintiff in error.

E. A. & J. A. Nisbet, *contra.*

*By the Court.*—McDonald, J. delivering the opinion.

The ward of complainant is entitled to the property, &c., sued for in this bill, subject to a remainder to the lawful heirs of the testator, under whose will, and the codicil thereto, he claimed, provided he should die before he arrives at the age of twenty-one years. The amendment proposed to be made to the answer of the defendant in the Court below, was intended to protect the interest of those contingently entitled in remainder.

[1.] The complainant in the Court below is, no doubt, under bond with good security to take care of the interest of his ward, but that bond affords no protection to the contingent remaindermen. The case being before a Court of Equity, it is suggested to the Court, that the guardian who is seeking to recover the property, &c., as the absolute property of his ward, is in embarrassed circumstances, if not insolvent, and that the interests of the contingent remaindermen will be exposed to injury and seriously jeoparded, unless the said complainant be required to give good and sufficient security for the forthcoming of the property, provided the contingency should happen, on the happening of which said interest was to accrue. No decree had been made when the defendant below moved to amend. We think that the Court ought to

have allowed the amendment; and I am disposed to think that a proceeding for the same object, in the same Court, would be in time, as long as the fund or property was under the control of the Court. There can be no question of the right of a party to move in such a case. It was the old practice to require security, in all such cases, for the protection of the interest of the remaindermen; but more recently, the tenant for life is disembarrassed of this burden, except in cases of danger to the interest in remainder. The Court will require security in all cases of questionable safety to the property or fund, for the remaindermen, in the hands to which it is about to be committed. *Foley vs. Barrell,* 1*st Bro. C. R.* 274; 1 *Sto. Eq. sec.* 604. This matter can be brought before the Court as well by the answer as by a cross bill. By the Act of 1857, *(Pamp.* 156,) any matter of defence which could have been theretofore available by a cross bill only, may now be brought to the consideration of the Court, and used as a defence, by way of answer. If a defendant may, by answer, go into such a defence, it is not too liberal a construction of the Act to hold, that he may, by answer, suggest a matter which cannot affect the complainant's title to what he seeks, but which puts a condition on his possession of it, which would be imposed by a more tedious proceeding.

[2.] If it had been necessary to file a cross bill in this case, we cannot see that there was any want of jurisdiction of the matter in the Superior Court of Bibb county. The sole object was to bring before the Court, in which a cause was pending for the recovery of a legacy, by the guardian of a tenant for life, which legacy was limited over on a contingency, the embarrassed circumstances or probable insolvency of the said guardian, that the Court might require him, before he took possession of the legacy, to enter into bond with security, to take care of the property for those having a contingent interest in remainder. If the original answer had disclosed the facts, there could be no question as to the juris -

diction, because it is the law of his own case, that if he be insolvent, he shall not receive the legacy until he shall find sureties that it shall be forthcoming, to answer the claim of the remaindermen, on the happening of the event on which they would be entitled.

Judgment reversed.