## PARISH vs. THE WEED SEWING MACHINE COMPANY.

1. The code, in §§3508, 3510, contemplates a peremptory requirement by the court to produce the books or papers specified in the notice, or some of them, before there can be a failure or refusal "to comply with such order," so as to entitle the adverse party, if plaintiff, to a judgment as by default, or if defendant, to a judgment as in case of nonsuit.

2. Where the notice to produce books and papers is too extensive in range, and as to a part of it too vague in description, the court, after holding the notice good in part and bad in part, may decline to require an immediate answer, and continue the cause to give time to answer so much of the notice as has been adjudged sufficient. The notice given in this case was too extensive, and as to some of the papers too vague and indefinite.

3. On the facts of this case, it was not error to treat the response made to the notice on the final trial as sufficient.

4. Where the agent of a corporation through whom all the corporate transactions were had with the alleged debtor, is dead, the debtor, when sued by the corporation, is not a competent witness to prove in his own behalf what transpired between himself and the deceased agent.

November 3, 1887.

Notice to produce Papers. Continuance. Corporations. Witness. Before Judge HINES. Bulloch Superior Court. April Term, 1887.

Reported in the decision.

T. H. POTTER, for plaintiffs in error.

D. R. GROOVER; LESTER & RAVENEL, by brief, for defendant.

BLECKLEY, Chief Justice.

The Weed Sewing Machine Company, a corporation of Connecticut, brought an action of complaint upon a bond payable to it, against Parish, as principal, and several others as sureties. A breach of the bond was alleged, consisting in the failure to pay certain promissory notes which

Parish had executed and delivered to the plaintiff, the bond being conditioned for the payment of all sums which might be in his hands, or become due and payable to the company.

He pleaded *nil debet* and payment,—payment simply, and payment specially by the delivery of certain notes which he had taken from the purchasers of sewing machines, and, as he alleged, turned over to the company. He gave notice to the company to produce all its books and papers touching business transacted in Georgia, to produce all receipts by attorneys, etc. connected with its business in Savannah, and to produce the receipts of a certain specified attorney. When the case came on for trial, this notice was produced and a response demanded to it. None being made, its sufficiency came up to be adjudicated by the court. The court held it sufficient in some of its requirements, and insufficient in another. Upon that holding, the defendant filed the affidavit provided for by the code, and demanded a judgment as in case of nonsuit. This was refused, and the court, for reasons not disclosed in the record, permitted a continuance until the next term of the court, at the instance of the plaintiff. Exceptions *pendente lite* were filed by the principal defendant to the rulings of the court, alleging error in holding the notice insufficient in one part, in refusing to allow judgment to be taken as in cases of nonsuit, and in continuing the case. The exceptions were certified by the presiding judge to be true; but there was no order to enter them upon the record as the statute requires. We, however, find them in the record. The instrument itself contains an assignment of error, but no error is assigned in the bill of exceptions which comes here to bring the cause here, and no assignment has been filed in this court; so the case as to that matter rests alone upon the assignment of errors in the bill of exceptions *pendente lite*, certified by the presiding judge and entered of record.

The case stood continued until the next term, and then

again came on for trial. At the trial the plaintiff responded to the notice, through its secretary, by affidavit to the effect that there were no receipts of the specified attorney to be found. Search had been made. They were not in the possession of the plaintiff's secretary, who was the proper officer, and he believed they were not in the possession of any other officer of the company. It appeared from that affidavit that he was the proper custodian of such papers, if they existed. The court held this response to be sufficient, and the cause was tried upon evidence for the plaintiff consisting of the bond declared upon and the notes. Thereupon the defendant introduced himself as a witness, and testified that all his transactions with the plaintiff were through an agent of the plaintiff, who was at the time of the trial dead. This appearing, the point was made that he was an incompetent witness to testify in his own behalf, and that was sustained ; and so he gave no testimony except the preliminary disclosure that all his transactions were with the deceased agent. A verdict was found for the plaintiff, and a motion was made for a new trial, the grounds of the motion being, besides the usual ones, that the court erred in ruling the response to the notice to be sufficient and in pronouncing the defendant an incompent witness. The new trial was refused and the case was then brought here upon writ of error.

We might very well decline to consider the exceptions *pendente lite;* for there is no regular and proper assignment of error upon them. We think that when the excepting party brings a writ of error to this court, he should assign errors upon these matters *pendente lite* in his bill of exceptions, or if he fails to do that, he ought to assign them here. But we will deal with these interlocutory matters in ruling the case as though error was regularly assigned.

1. The code, in §§3508, 3510, contemplates a peremptory requirement by the court to produce the books or

papers specified in the notice, or some of them, before there can be a failure or refusal "to comply with such an order," so as to entitle the adverse party, if plaintiff, to a judgment as by default, or if defendant, to a judgment as in case of nonsuit. Failure to comply with the notice is a very different thing from failure to comply with an order of court founded thereon for the production of the books or papers.

The court in this case passed no peremptory order, and the exceptions entered *pendente lite* did not allege as error any refusal to do so—did not go to that point at all. The defendant simply complained that he was denied a nonsuit, under the facts of the case, not reciting that the plaintiff had been required to produce anything, and in point of fact, there was no requirement by the court to produce then and there, but on the contrary, the court gave the plaintiff time to respond to the notice, by granting a continuance, and the cause had not proceeded far enough to entitle the defendant to take a judgment, upon motion, as in case of nonsuit. There was one more step required, which had not been taken, and the omission of which is not accounted for.

2. Where the notice to produce books and papers is too extensive in range, and as to a part of it too vague in description, the court, after holding the notice good in part and bad in part, may decline to require an immediate answer, and may continue the cause to give time to answer so much of the notice as has been adjudged sufficient. The notice given in this case was too extensive, and as to some of the papers too vague and indefinite. The statute expressly empowers the court to grant a continuance for reasons satisfactory. Code, §3511. What showing was made in this case does not appear. It certainly does not appear that the showing was insufficent, and as the court granted the continuance, we assume that it was sufficient.

3. On the facts of this case, it was not error to treat the response made to the notice on the final trial as sufficient.

The affidavit filed by the defendant at the previous term, while I have called it a compliance with the provisions of the code, was not in substance a real compliance. It was to the effect that the papers were or had been in existence and in the possession, custody, control and power of the plaintiff. The statute requires that the statement shall be that the party has reason to believe that they are or have been in existence, and that they are in the power, etc. Code, §3513. Their having been once in the power of the plaintiff would not be sufficient to entitle the defendant to take the benefit of his notice. He must state that they are in his power, etc. But waiving this, the response to this notice was sufficient as to anything which the defendant tried to do. He did not seek, at the trial, to obtain an order to entitle him to a judgment of nonsuit, and he did not seek to give the contents in evidence of any absent papers. He, so far as appears, did not attempt to make any use of his notice; and consequently the question of the sufficiency of the response for such purpose as obtaining a judgment of nonsuit on motion, or for such purpose as admitting secondary evidence, did not come up. All that he sought to do was to introduce himself as a witness, and response or no response to the notice had no effect upon that in one way or another. He simply sought to introduce himself as a witness, and made no application to the court at the time of trial to enforce his notice; and therefore, whether the response was sufficient or insufficient with reference to what he might have done, it was sufficient with reference to anything that he did or attempted.

4. Where the agent of a corporation through whom all the corporate transactions were had with the alleged debtor, is dead, the debtor, when sued by the corporation, is not a competent witness to prove in his own behalf what transpired between himself and the deceased agent. 75 *Ga.* 502.

Judgment affirmed.