## GEORGIA IRON AND COAL COMPANY *et al. v.* ETOWAH IRON COMPANY.

104 395
106 495
106 497
104 395
110 505

104 395
112 853

104 395
f114 624

104 395
117 944

104 395
119 703
119 741

1. The provisions of section 5248 et seq. of the Civil Code, relating to the subject of notice to produce books and papers, are applicable to all cases, whether the relief prayed for be legal or equitable.
2. Before a judgment by default can be rendered against the defendant on account of failure to comply with the notice served upon him in accordance with the provisions of the sections above cited, it is necessary that there should be a peremptory written order made by the court and entered upon its minutes, requiring the production of the papers and providing for a reasonable time, according to the circumstances of the case, in which the parties shall comply with the order.
3. Where notice to produce papers, as to certain of the papers called for, is sufficiently definite, and as to others too vague and uncertain in description and too extensive in range, and where upon failure to comply with the notice the judge directs the party notified to produce the papers called for in the notice, without specifying what part of the notice the order refers to, such order and a judgment by default entered for a failure to comply with the order are illegal.
4. It is error in the court to grant a peremptory order to produce documents embraced in the notice to produce papers, where the party giving it, or his agent, does not make oath, nor his attorney state in his place, that he has reason to believe that the paper required is, or has been, in existence, and that it is in the power, possession, or control of the person notified, and that it is material to the issue.

Argued February 15, — Decided May 27, 1898.

Equitable petition. Before Judge Fite. Bartow superior court. January term, 1897.

The Etowah Iron Co. brought a petition against the Georgia Iron & Coal Co., and the Georgia Mining, Manufacturing & Investment Co., praying that the pretended title of each of the defendants to the ores and minerals upon land lot 274 in the

5th district and 3d section of Bartow county be declared void and canceled, and that the testimony of any witnesses be taken and filed in court to be used whenever pertinent on any question between the parties; and for general relief. Plaintiff claimed to be the true and lawful owner of all ores and minerals on that lot, and set forth in its petition a statement of certain conveyances by previous grantors. By their answer defendants denied that plaintiff had title, and claimed title in themselves. The suit was brought on June 24, 1890. On July 11, 1891, a written notice was served on counsel for each of the defendants to produce at the July term, 1891, of the superior court, and from time to time and from term to term until the case was finally disposed of, "all contracts, agreements, deeds, and liens made between you, and also all deeds and muniments of title under which you claim the lot in dispute or any interest or part thereof; which papers herein called for contain evidence material to the plaintiff in this case and which the plaintiff expects to use in the trial thereof." This was dated Jan. 11, 1891, and signed by the attorney for plaintiff. The case came on for trial on January 13, 1897. After both sides had announced ready for trial and the jury had been selected, plaintiff called upon counsel for the defense in open court to respond to the notice to produce papers. Defendants made answer, verified by the oath of their secretary and treasurer, stating that plaintiff was not entitled to the production of the respondents' deeds and muniments of title under which they claimed the lot in dispute, for that said papers relate to respondents' title alone, form no part of plaintiff's title, and are not necessary or material to the proof of plaintiff's title; and further, that all the contracts, agreements, liens and deeds made between defendants are immaterial in this case; and that the notice to produce them is insufficient, in that no specification is made of any particular contract, agreement, deed, or lien called for. The court overruled the objections made to the sufficiency of the notice to produce, and sustained an objection to the sufficiency of the response. Defendants' counsel then requested that the court grant reasonable time in which to make further response; stating in their place, that none of the officers of the

defendant companies were in court, but that they resided and were then in the city of Atlanta, and that until counsel could have time to communicate with said officers and procure from them further response in accordance with the ruling of the court, and obtain from them all the papers and deeds which might be in the possession or control of defendants subject to production, they could not make such further response as was required; further stating that counsel could not have such communication with said officers and be ready to make further response before the following day; that they had in good faith relied on the sufficiency of the response already made, but in view of the court's ruling they claimed the right to the time asked for. The court refused to grant further time, and required further response to be made then and there.

Defendants' counsel then stated that the only deeds and writings within their possession, falling within the description of the deeds and writings called for in the notice to produce, were three deeds which they then and there produced: one to Mumford from Roberts, sheriff, dated November 4, 1885, conveying the ores and minerals in dispute to Mumford, his heirs and assigns; reciting that the land conveyed was levied on and sold as the property of Woodward under a mortgage fi. fa. from Bartow superior court in favor of Bishop, and that the property so conveyed was described in a deed from Bishop to Woodward, of May 21, 1881, recorded in deed-book "W," pp. 4 and 5, of Bartow county; another being a deed from Mumford to the Dade Coal Co., dated December 14, 1886, conveying the premises described in the deed just mentioned; and the third being a deed from the Dade Coal Co. to the Georgia Iron & Coal Co., dated April 27, 1889, conveying, among other lands, that described in the two preceding deeds. Plaintiff's counsel rejected an offer to allow the use of these deeds, on the ground that it did not appear that they were all the deeds called for; and the court again ruled that the response was insufficient, and refused to grant defendants further time to make further response. Before any of the foregoing rulings were made (all of them being oral), plaintiff's counsel stated to the court that the deeds called for would show that both parties

held under a common grantor, and that there was a lease by the Georgia Iron & Coal Co. to the Georgia Mining, Manufacturing & Investment Co. of all their property, including that in dispute. Plaintiff's counsel then moved for judgment by default against defendants. This was allowed over defendants' objection; their counsel, however, making no point on the power of the court to render such judgment without a jury, nor any request for submission to a jury. The court thereupon signed the following judgment: "The plaintiff having served upon the defendants in this case a notice to produce certain papers, including all the muniments of title under which they hold said lot, and defendants having failed and refused to make any sworn response to said notice except to deny the right of plaintiff to compel such production, and the court ordering that such papers be produced and no further response being made by defendants, it is considered and adjudged by the court that the plaintiff recover of the defendants as by default the premises sued for, and that the plaintiff have all the relief for which they pray, and that the defendants' title to said lot be and the same is hereby declared null and void, and that the plaintiff has a perfect title to all the ores and minerals in said lot, with the right to use the same as claimed in said petition. In open court this January 13, 1897." Defendants excepted.

*J. M. Neel* and *J. W. Harris Jr.*, for plaintiffs in error.
*John W. Akin*, contra.

COBB, J. 1. By sections 5248, 5249 and 5250 of the Civil Code it is provided: "The several courts shall have power on the trial of any cause cognizable before them respectively, on notice and proof thereof being previously given by the opposite party or his attorney, to require either party to produce books, writings and other documents in his possession, power, custody or control, which shall contain evidence pertinent to the cause in question, under circumstances where such party might be compelled to produce the same by the ordinary rules of proceeding in equity." "The notice required by the preceding section shall be in writing, signed by the party seeking the production of the books or other writings, or his attorney. . ."

"If the plaintiff or his attorney, being so notified, shall fail or refuse to comply with such order, the court shall, on motion, give judgment against such plaintiff as in case of non-suit; and if the defendant shall fail or refuse to comply therewith, the court, on motion, shall give judgment against such defendant, as in case of judgment by default." In 1849 it was held by this court, that the provisions now embodied in the sections quoted did not apply to equity causes, for the reason that courts of equity do not award judgments of nonsuit nor judgment by default, and for the further reason that courts of equity have, independently of these provisions, ample power to compel the production of books and papers which may be necessary or material upon the trial of causes in that court. *Berry* v. *Matthews*, 7 *Ga.* 457. In 1887 the General Assembly passed what is known as the "uniform procedure act." Acts 1887, p. 64. By that act the court of equity was abolished, and the superior court now has full power to grant complete relief to all suitors, applying in aid thereof either legal or equitable remedies, or both. All of the plaintiff's rights can now be determined in one action. In the trial of any case before it, the superior court acts either as a court of law or of equity or of both, and uses all the machinery appropriate to the case to which the respective parties are entitled. See in this connection *Manheim* v. *Claflin*, 81 *Ga.* 129, and *DeLacy* v. *Hurst*, 83 *Ga.* 223. We think it in keeping with the spirit of the act above cited, and of the decisions of this court construing the same, to hold that the provisions of the sections above quoted are applicable to all cases, whether the relief prayed for be legal or equitable. If this were not true, a plaintiff in a suit founded on an equitable cause of action would be required to file a proceeding in the nature of a bill of discovery, in aid of his action, to require the production of writings in the defendant's possession and material to his case. The spirit of the act of 1887 is, that all questions necessary to be decided shall be determined in one action, and the parties therein given such relief, and allowed to invoke such remedies, either legal or equitable, as they are entitled to.

2. Defendants' counsel made response to the notice to pro-

duce, and the court ruled that it was insufficient. Whereupon counsel for defendants stated that their clients were absent; that they had relied in good faith upon the sufficiency of the response already made; and requested that they be allowed until the following day to make further response. This the court declined to do, and ordered that further answer be made then and there. This counsel did, but the court ruled it still insufficient, and, on their failure to respond further, directed, on motion of plaintiff's counsel, that judgment by default be entered against the defendants. It will be observed that the statute says, for failure to comply with such "order," the court shall enter judgment, etc. The court has no power to enter a judgment by default against a defendant because he does not comply with the notice of the plaintiff to produce. It is for the court to say whether the defendant should be required to produce the papers and documents demanded by the notice. When the defendant fails to comply with the peremptory order of the court, it is ample time for the judgment by default to be entered against him. The judgment entered against the defendant is not for a failure to comply with the notice, but for a failure or refusal to comply with the order of the court based on the notice; and such a proceeding is illegal until there shall have been a peremptory order of the court requiring the production of the documents. *Parish* v. *Weed Sewing Machine Co.*, 79 *Ga.* 682; *Stiger* v. *Monroe*, 97 *Ga.* 479. As was said in the case in the 97 *Ga.*, above cited, a judgment by default against a defendant is in the nature of a penalty inflicted for contempt of the authority of the court; and certainly such a harsh remedy should not be applied until the defendant has had a reasonable time to comply with the order to produce. There should be a formal order entered upon the minutes, and the party given a reasonable time, according to the circumstances of each case, to comply. To require the production instanter would be too great a hardship in some cases. In our opinion, the defendants in the present case were entitled to the postponement asked for. They relied in good faith on the sufficiency of the response already made, and stated reasons why they could not make further response until the following day.

Justice would require that they be allowed as much as one day to comply with the order of the court, before a judgment in the nature of a penalty for contempt of the court's authority should have been entered against them, and they thereby cut off from thereafter making a defense which might have been in all respects full and complete.

3. But the order of the court in the present case was illegal for another reason. The notice served upon the defendants required the production of all "contracts, agreements, deeds, and liens made between you, and also all deeds and muniments of title under which you claim the lot in dispute or any interest or part thereof." We think the latter part of the notice was sufficiently definite. The rule is that the description is sufficiently definite if the party who is called on to produce or to give an inspection will be enabled to know what to produce or what he must give an inspection of, and if the court can determine the propriety of allowing the discovery or inspection sought. Applying this rule, a notice to produce all the titles and papers under which you claim title to a particular lot of land shows on its face that the inspection ought to be allowed. On the other hand, a notice to produce all the contracts, agreements, deeds, and liens made between the defendants was certainly too vague and uncertain in description and too extensive in range. It seeks a roving investigation into all the papers made between the defendants, without even intimating that an inspection, if allowed, would disclose anything to the plaintiff's advantage. It was just such a notice as was given in the case of *Parish* v. *Weed Co.*, cited supra, where the defendant was called on to produce "all books and papers touching business transacted in Georgia and all receipts by attorneys, etc., connected with its business in Savannah." It was there held that this notice was too vague in description, and too extensive in range, to require a response. The description in the notice must be with sufficient particularity to enable the court to determine the propriety of compelling the production sought, and it must also appear that the evidence to be thus acquired would be competent and tend to prove the existence of the claim made by the party requiring production. Speyers *v.*

Torstritch, 5 Robt. 606; Merguelle *v.* Bank, 7 Id. 77; People *v.* Rector of Trinity Church, 6 Abb. Pr. 177; Lynch *v.* Henderson, 10 Id. 345 (note); Condict *v.* Wood, 25 N. J. L. 319; Dyett *v.* Seymour, 3 N. Y. S. 643. The court could not tell whether the papers called for in the first part of the notice would aid the plaintiff in establishing its case; and it was absolutely impossible to determine whether all the contracts, deeds, etc., made between the defendants, would have been material evidence on the trial of the case. The order of the court, therefore, in requiring the production of all the papers called for in the plaintiff's notice, was too broad, in not being limited to the documents which were sufficiently described. *Hamby Mines* v. *Findley*, 81 *Ga.* 431. It would have been competent, however, for the court to have specified such of the writings as should have been produced. It was no ground of objection to the entire notice that part of it did not describe the documents called for with sufficient particularity. *Parish* v. *Weed Co.*, supra.

4. The court has no authority to grant a peremptory order to produce documents embraced in the notice, unless the party giving the notice makes oath, or his attorney states in his place, that he has reason to believe that the documents called for are, or have been, in existence; that they are not in the possession of the applicant; that they are in the power, possession, or control of the party notified; and that they are material to the issue. These requirements are made imperative by section 5253 of the Civil Code, providing how such a notice may be made available. See also *Bryan* v. *Walton*, 14 *Ga.* 185; *Carlton* v. *W. & A. Railroad Co.*, 81 *Ga.* 531. Had the notice in the present case, therefore, complied with the law in other respects, failure to comply with the provisions of the section of the Civil Code above referred to would have made the judgment rendered erroneous.

*Judgment reversed.    All the Justices concurring.*