## RAY v. HOME AND FOREIGN INVESTMENT AND AGENCY COMPANY LIMITED et al.

1. Prior to the practice act of 1895 (Civil Code, §5055), when an equitable petition expressly waived discovery, an answer to the same was not required to be verified by affidavit although the petition was so verified.

2. Before a judgment dismissing a case or striking an answer can be entered for failure to produce documents called for in a notice to produce, it must appear that there was a peremptory order of court requiring the production of the papers described in the notice, and a failure to comply with such order.

3. Where a petition prayed for an injunction against the defendant to restrain him from exercising a power of sale in a deed given by the plaintiff to secure the payment of promissory notes, an answer of the defendant, in the nature of a cross-bill, which prayed for a general judgment on the notes and a judgment setting up a special lien on the land, contained matter germane to that set up in the original petition.

4. The dismissal of such a petition did not carry that part of the answer which was in the nature of a cross-bill with it; nor did the fact that the relief sought therein was not of an equitable nature require its dismissal.

5. Such an answer would remain in court for determination, notwithstanding the person who filed the petition was a resident of another county than that in which the suit was pending.

6. When the grantor in a security-deed containing a power of sale attempts to obstruct the sale made under such power, refuses to surrender possession to the grantee, who is the purchaser, and in every way attacks and impeaches the validity of the sale, he will not, when the grantee abandons all rights under the sale and brings suit on the debt, be allowed to set up as a defense that a sale was had under the power contained in the deed.

7. The evidence warranted a finding in favor of the defendant for the amounts for which judgment was finally rendered after the excess in the verdict had been written off under order of the court. The court committed no error in the case.

Argued December 13, 1898. — Decided February 11, 1899.

Equitable petition. Before Judge Lumpkin. Fulton superior court. February 24, 1898.

*L. R. Ray* and *Reed & Hartsfield*, for plaintiff.
*Payne & Tye*, for defendants.

Cobb, J. On July 19, 1895, Ray brought his petition against the Home and Foreign Investment and Agency Company, Payne & Tye, and Alonzo Richardson, praying for an injunction to restrain the defendants from proceeding to sell certain realty under a power of sale in a deed given by the plaintiff to the first-named defendant to secure the payment of certain

promissory notes. This petition waived discovery, and was sworn to by the plaintiff.

The defendant first above mentioned answered, denying the right of the plaintiff to the injunction prayed for, and set up by way of cross-bill that certain sums were due it as principal and interest on the promissory notes referred to in the petition of the plaintiff, and that the deed referred to in the petition had been executed to secure the payment of the notes. Defendant prayed that it have judgment against the plaintiff for the amount due on the notes, and also a judgment setting up a special lien on the land embraced in the security-deed. This answer was filed on September 5, 1895, and was not sworn to. On September 27, 1895, the court refused plaintiff's application for injunction, and this refusal was subsequently affirmed by this court. 98 *Ga.* 122. On the 28th day of September, 1896, the court, on motion of plaintiff, granted an order that the petition "be dismissed without prejudice to any rights of the defendants which they may have from the filing of an answer in the nature of a cross-bill." The plaintiff then filed a demurrer to the defendants' answer in the nature of a cross-bill, on the following grounds: (1) "It having been determined by this court that there is no equity in plaintiff's bill and the sole prayer for relief therein having been refused, there is and was no cause pending in this court, and nothing upon which to base a cross-bill." (2) "Because the judgment prayed for in said cross-bill is not germane to the cause in the bill filed by plaintiff." (3) "Because the relief asked for by the defendants in said cross-bill is not of an equitable nature, and they have a plain common-law remedy." (4) "Because it does not appear from said cross-bill that the plaintiff, L. R. Ray, is a citizen of Fulton county and that this court has jurisdiction to give judgment against him as prayed." The court overruled the demurrer. Plaintiff then filed his plea to the jurisdiction of the court, and this plea was, on motion of defendant, stricken. The plaintiff thereupon filed his answer to the defendant's cross-petition, alleging that since the refusal of the injunction the defendant had gone through the form of selling the land described in the deed, which sale it claimed to have

made under the power of sale contained in the deed; that at this sale the property was knocked down to the highest bidder for the sum of $2,500, and that the sale has never been set aside. The case then went to trial, and the Home and Foreign Investment and Agency Company introduced in evidence the original note made by the plaintiff to it, for the principal sum of $2,000, dated February 11, 1892, and due February 1, 1895. Also, three coupon interest notes for $160 each, all bearing the same date as the principal note, with interest at eight per cent. per annum after maturity, and due on the first days of February, 1894, 1895, and 1896, respectively, each being for the interest due on the principal note for the year ending on the day the coupon note became due. Defendant also put in evidence the deed executed by the plaintiff to secure the notes above mentioned, and the plaintiff's petition for injunction, with all orders granted thereon. Plaintiff testified that after the dismissal of his petition the land was sold and bought in by Alonzo Richardson, an agent of the Investment Company, for the sum of $2,500; that at the sale notice was given at the instance of plaintiff that the sale was illegal and would be contested; that he by his tenants was still in possession of the land; and that Richardson had been trying to get possession of the property. There was testimony for the defendant to the effect that no deed had ever been made pursuant to the sale referred to in the plaintiff's testimony; and that defendant, ascertaining that plaintiff intended to contest the legality of the sale, and finding out that it could not get possession of the land, concluded to abandon the sale under the power of sale in the deed, and that it claimed no further rights under it.

The jury returned a verdict for the defendant for $2,000 principal, $640 interest coupons, $63.75 interest on coupons, and $270.03 attorney's fees; and also found that defendant have a special lien on the land embraced in the deed. Judgment was entered accordingly. Afterwards, the defendant having written off part of the recovery, the judgment was amended so as to strike from the amount recovered as interest $160, and from the amount recovered as attorneys' fees the sum of $15.66. The plaintiff filed a motion for a new trial on the general

grounds, and incorporated therein the grounds stated in his demurrer, and the further grounds, that the court erred in refusing to "dismiss or nonsuit defendant's answer" on the ground that it had not complied with plaintiff's notice to produce its charter; because the court overruled plaintiff's motion to dismiss defendant's answer on the ground that it was not verified; and because the verdict was excessive. This motion was overruled, and the plaintiff excepted, assigning error upon the decision of the court overruling his demurrer, striking his plea to the jurisdiction, and refusing to grant his motion for a new trial.

1. The plaintiff in error contends that the defendant's answer in the nature of a cross-bill should have been dismissed because it was not verified by affidavit, the plaintiff's petition being so verified. The answer was filed before the practice act of 1895 (Acts 1895, p. 44) went into effect. Prior to that time there was no law requiring an answer to be verified by affidavit simply because the petition was sworn to. When discovery is prayed the answer must be verified. In the present case, however, discovery was expressly waived, and for this reason it was not necessary that the answer should be verified. Civil Code, § 5056.

2. The court was right in refusing to "dismiss or nonsuit" defendant's answer in the nature of a cross-bill on account of its failure to comply with the plaintiff's notice to produce its charter. Even if the notice was in all respects sufficient, it does not appear that there had been a peremptory order of the court requiring the defendant to produce the paper described in the notice. This being true, the motion was not well taken. Such an order is absolutely necessary before a motion to dismiss the case can be entertained by the court. *Georgia Iron & Coal Co. v. Etowah Iron Co.*, 104 *Ga.* 395, and cases cited.

3. It is further contended by the plaintiff in error that the answer in the nature of a cross-bill should have been dismissed, because the matter set up therein was not germane to the case made by the original petition. That issues entirely independent of those raised by the original petition cannot be raised and determined by a cross-bill is well settled. "A cross-bill should not introduce new and distinct matters not embraced in the orig-

inal suit." *Josey* v. *Rogers*, 13 *Ga.* 478. "A cross-bill is a bill brought by a defendant against a complainant or other parties in a former bill depending, touching the matters in question in that bill." *McDougald* v. *Dougherty*, 14 *Ga.* 674. See also *Carlton* v. *Southern Mutual Insurance Co.*, 72 *Ga.* 371, 392; *Brownlee* v. *Warmack*, 90 *Ga.* 775; 2 Dan. Ch. Pr., *1548; "It is treated, in short, as a mere ancillary suit, or as a dependency upon the original suit." Story's Eq. Pl. § 399. See also *Cross* v. DeValle, 1 Wall. 1.

Applying these rules to the present case, we think the court properly refused to dismiss the answer in the nature of a cross-bill on the ground that the matter set up therein was entirely independent of, or not germane to, the case made by the original petition. The petition sought to enjoin the defendants from exercising a power of sale in a deed given to secure the payment of certain notes. The defendant answered denying the plaintiff's right to an injunction, and by way of cross-bill asked for a general judgment on the notes, and a judgment setting up a special lien on the land. This was not a new and distinct matter, entirely independent of that set out in the original petition. The subject-matter of the petition and the answer in the nature of a cross-bill was one and the same. The issues raised in each involved the same debt, the same deed, the same land, and the same controversy. The petition sought to enjoin the defendant from collecting the debt by pursuing a remedy given in the deed. The effect of the answer was to abandon the remedy sought to be enjoined, and rely upon a remedy to be given by the court into which the defendant had been drawn by the petition of the plaintiff. A mere statement of the case seems to us to be all that is necessary to show that the answer in the nature of a cross-bill "did not introduce new and distinct matters not embraced in the original suit."

4. The answer in the nature of a cross-bill containing matter germane to that set up in the original petition, the dismissal of the plaintiff's petition did not carry such an answer with it. The plaintiff had the undoubted right to dismiss his petition, and such dismissal carried with it so much of the defendant's

answer as was purely defensive.  But that portion of the answer which was in the nature of a cross-bill and prayed for affirmative relief against the plaintiff remained in court in order that the issues raised therein might be determined.  This would be true without regard to that part of the order of the court which declared that the dismissal of the petition should not operate to prejudice the defendant's right to proceed.  Civil Code, § 4970; *Evans* v. *Sheldon*, 69 *Ga.* 100, and cases cited. Nor was it any ground for the dismissal of such an answer that the relief prayed for was not of an equitable nature.  It has long been the law that where a court of equity obtains jurisdiction for one purpose, it will retain it until complete justice has been done to all parties.  Civil Code, § 3925; *Mays* v. *Shivers*, 7 *Ga.* 238; *Martin* v. *Tidwell*, 36 *Ga.* 332.  But without regard to this rule of law, under the practice prevailing in this State since the passage of the uniform procedure act of 1887, the superior courts have full power in all cases to grant complete relief to all suitors, applying in aid thereof either legal or equitable remedies, or both.  *Ga. Iron & Coal Co.* v. *Etowah Iron Co.*, supra, and cases cited.

5. The plaintiff's plea to the jurisdiction could not avail him.  He came voluntarily into the superior court of Fulton county, seeking its aid in his behalf, and thus submitted himself to its jurisdiction in relation to all matters directly connected with the case that he had originated.  One who goes into the court of a county other than that of his residence, to assert a claim or set up an equity, must be content to allow that court to determine any counter-claim growing out of the original suit which the defendant sees fit to set up by a cross-action.  *Bowman* v. *Long*, 27 *Ga.* 178; *Morgan's Co.* v. *Railway Co.*, 137 U. S. 171, 200.

6. The sale under the power in the deed was never consummated.  The plaintiff not only attempted to obstruct the sale, but refused to deliver possession to the purchaser, and in every way possible impeached its validity.  This being so, when the defendant sees fit to abandon the sale and ask for a judgment setting up a special lien on the land, it does not lie in the mouth of the plaintiff to object.

7. The evidence authorized a finding in favor of the defendant for the amount stated in the judgment finally rendered after the excess in the verdict had been written off under order of the court.   There was no error of any character whatever committed by the court during the entire progress of the trial.

*Judgment affirmed.   All the Justices concurring.*