### JEWELL v. FRANKLIN LIFE INSURANCE COMPANY.

1. Where a notice to produce books and papers, served on a non-resident defendant, is too extensive in range, necessarily including a great mass of irrelevant matter, and it appears that their production will be at great expense and inconvenience, and to the serious injury of the party's business, and he offers in open court to accord the opposite party the

right to inspect and make copies of such parts as is desired, and shows
that some of the papers demanded are beyond his power to produce, it
is not error for the court to refuse a peremptory order requiring their
production on penalty of dismissing the party's plea to the action.
2. A verdict for the defendant was demanded by the evidence.

AUGUST 17, 1912.

Action upon insurance policies.  Before Judge Jones.  Hall su-
perior court.  July 17, 1911.

*H. H. Dean,* for plaintiff.  *Jones, Jones, Hocker & Davis* and
*Charters & Charters,* for defendant.

EVANS, P. J.  This is a suit by M. T. Jewell against the Frank-
lin Life Insurance Company, of Springfield, Illinois, on three in-
surance policies, similar in form and provisions, on the life of the
plaintiff's husband.  The company pleaded that the policies had
lapsed from non-payment of premiums at the time of the death
of the insured.  The plaintiff served the defendant with a notice
to produce its charter, by-laws, resolutions showing dividends
earned and not paid out; all the company's books since its incor-
poration, including minute-books, cash-books, journals, day-books,
and all books of original and final entry, showing the disburse-
ments and earnings of the company; books containing an entry of
all the company's property and its appraised value, and of all its
assets; books containing a list of its policy-holders, and also all
notes, mortgages, bonds, choses in action, and all other assets of the
company.  The defendant answered, that it would produce its
charter and by-laws, but to comply with the demands of the notice
to transport all of its records would be destructive of its business,
and would expose all of its records to the possibility of loss in
transportation; that the books were daily needed at the home office,
and to comply with the notice to produce all of its books and
records since its incorporation would work irreparable injury to the
company; that the books were open to inspection of the plaintiff
or her counsel or any agent she might appoint at the home office of
the company, and copies could be made of such as the plaintiff
wished; that it was unable to comply with the notice as to the
resolutions as to dividends, because no such resolutions existed;
and that it was unable to comply with the notice to produce all of
its notes, mortgages, etc., as the greater part of them were held
in trust by the superintendent of the insurance department of the
State of Illinois.  The defendant also demurred ore tenus to the
sufficiency of the notice, on the ground that it was too vague and

37

indefinite. The plaintiff's counsel stated in his place that he expected to prove, by the documentary evidence referred to in the notice to produce, that the defendant company was a mutual company, and that sufficient profits had been earned to extend the policy of the insured beyond his death; and moved for a peremptory order requiring the production of the documents within a reasonable time, or, in default thereof, that the defendant's plea be dismissed. The court denied the motion. The case proceeded to trial, and a verdict for the defendant was directed. The plaintiff sued out a bill of exceptions complaining of these two rulings.

1. The form of the policy was similar to that construed in the case of *Black* v. *Franklin Life Insurance Company,* 133 *Ga.* 859 (67 S. E. 79). The insured did not advance the cash to pay the full premium provided by the policy, but only three fourths of it; the remaining fourth being paid out of a loan made to him by the company. In the *Black* case it was held that this loan was an indebtedness on account of the policy, and fell within the provision of the policy, that, "should there be any indebtedness on account of this policy at the time of default in the payment of any premium, the value of the several options of settlement stated in the foregoing table will be correspondingly reduced." The option applicable to the present case relates to continued insurance. In the instant case the plaintiff's purpose was to show that the amount due on each policy as dividends earned at the time of the default of the insured in paying his premiums was more than sufficient to extend the policies beyond the date of the death of the insured, after deducting all indebtedness on account of the policy. In order to prove this contention, it was asserted that all the books and papers of the plaintiff company were necessary. Now it is manifest that in this immense mass of documentary evidence there must be much that is irrelevant and immaterial. The notice calls for every book and record since the organization of the company. The description of them is most vague and indefinite; all minute books, all books of original and final entry, showing the disbursements and earnings of the company, are called for. It was not stated by counsel that the books would show that a dividend had been declared which was sufficient to extend the insurance policy, but that a dividend had been earned which should have been allotted to these policies, and which would have been large enough to extend

the policies beyond the date of the insured's death.   In other words, an accounting of the internal affairs of a foreign corporation is desired; and in order to accomplish this result the entire books and papers must be brought from a distant State, at great risk of loss, at great expense, and with the result of a temporary suspension of the company's business.   The answer also developed that some of the papers demanded were in the custody of the insurance commissioner of the State of Illinois and beyond the power of the party to produce.   No traverse was made to the response to the notice.   Where a notice to produce books and papers, served on a non-resident defendant, is too extensive in range, necessarily including a great mass of irrelevant matter, and it appears that their production will be at great expense and inconvenience, and to the serious injury of the party's business, and he offers in open court to accord the opposite party the right to inspect and make copies of such parts as is desired, and shows that some of the papers demanded are beyond his power to produce, it is not error for the court to refuse a peremptory order requiring their production on penalty of dismissing the party's plea to the action.   See, in this connection, *Parish* v. *Weed Co.,* 79 *Ga.* 682 (7 S. E. 138) ; *Georgia Iron Company* v. *Etowah Iron Company,* 104 *Ga.* 395 (30 S. E. 878) ; Condon *v.* Mutual Reserve etc. Association, 89 Md. 99 (42 Atl. 944, 44 L. R. A. 149, 73 Am. St. R. 169) ; Clark *v.* Mutual Reserve etc. Association, 14 App. D. C. 154 (43 L. R. A. 390).

2.   The only deduction to be legally drawn from the evidence is that the policies had lapsed prior to the death of the insured, and there was no error in directing a verdict for the defendant.

*Judgment affirmed.   All the Justices concur.*