FLUKER *et al.* *v.* BANK OF UNION POINT.

No. 9763. FEBRUARY 13, 1934.

*E. H. George* and *Miles W. Lewis,* for plaintiffs in error.

*Noel P. Park,* contra.

BECK, P. J. (After stating the foregoing facts.) The position taken by counsel for the plaintiffs in error, that the notices to produce were too general, vague, and indefinite, is sound. In *Hamby Mountain Gold Mines* v. *Findley,* 85 *Ga.* 431 (11 S. E. 775), it was ruled: "The notice to produce, calling for the garnishee's stock-book, cash-book, original book or books of entry, journal and ledger, showing the account of the defendant with the garnishee, and any and all books showing the relation of the defendant to the garnishee, is too extensive in range, and in part too vague in description. The court, before peremptorily requiring the production of such books, should be satisfied of the necessity for them; and none should be required to be produced except those (if any) showing dealings between the garnishee and the defendant." In the decision it was said: "It furthermore appears in this case that the notice to produce the books and papers of the plaintiff company is too extensive in range, and as to a part of it too vague in description. The court, before requiring the peremptory order to produce the books or papers of the adverse party, should satisfy himself of the necessity for such production. It is very clear from the notice in this case that many of the books required to be produced could not have availed the defendant in error anything if they had been produced; and we think that none ought to have been

required to be produced except those showing dealings between the company and the debtor, if any such existed. So we think the judgment of the court below, allowing and directing the verdict of the jury, should be reversed." Judging from the report of the facts in the case cited, the notices to produce in this case are even more plainly open to the objection presented. It may be that certain of the papers referred to are sufficiently described and are apparently pertinent to the issues to be determined; but the order of the court is broad enough to include all the papers in the notice to produce. And in view of that order, the fact that certain of the documents and writings were sufficiently described and apparently pertinent did not justify the peremptory order to produce all the writings called for in the notices. The court should have selected those sufficiently specified and shown to be material, and have ordered the production of them. In *Georgia Iron & Coal Co.* v. *Etowah Iron Co.,* 104 *Ga.* 395 (30 S. E. 878), it was ruled: "Where notice to produce papers, as to certain of the papers called for, is sufficiently definite, and as to others too vague and uncertain in description and too extensive in range, and where upon failure to comply with the notice the judge directs the party notified to produce the papers called for in the notice, without specifying what part of the notice the order refers to, such order and a judgment by default entered for a failure to comply with the order are illegal." In the opinion it was said: "But the order of the court in the present case was illegal for another reason. The notice served upon the defendants required the production of all 'contracts, agreements, deeds, and liens made between you, and also all deeds and muniments of title under which you claim the lot in dispute or any interest or part thereof.' We think the latter part of the notice was sufficiently definite. The rule is that the description is sufficiently definite if the party who is called on to produce or to give an inspection will be enabled to know what to produce or what he must give an inspection of, and if the court can determine the propriety of allowing the discovery or inspection sought. Applying this rule, a notice to produce all the titles and papers under which you claim title to a particular lot of land shows on its face that the inspection ought to be allowed. On the other hand, a notice to produce all the contracts, agreements, deeds, and liens made between the defendants was certainly too vague and uncertain in description and too exten-

sive in range. It seeks a roving investigation into all the papers made between the defendants, without even intimating that an inspection, if allowed, would disclose anything to the plaintiff's advantage. It was just such a notice as was given in the case of *Parish* v. *Weed Co.*, [79 Ga. 682, 7 S. E. 138], where the defendant was called on to produce 'all books and papers touching business transacted in Georgia and all receipts by attorneys, etc., connected with its business in Savannah.' It was there held that this notice was too vague in description, and too extensive in range, to require a response. The description in the notice must be with sufficient particularity to enable the court to determine the propriety of compelling the production sought, and it must also appear that the evidence to be thus acquired would be competent and tend to prove the existence of the claim made by the party requiring production. Speyers v. Torstritch, 5 Robt. 606; Merguelle v. Bank, 7 Id. 77; People v. Rector of Trinity Church, 6 Abb. Pr. 177; Lynch v. Henderson, 10 Id. 345 (note) ; Condict v. Wood, 25 N. J. L. 319; Dyett v. Seymour, 3 N. Y. S. 643. The court could not tell whether the papers called for in the first part of the notice would aid the plaintiff in establishing its case; and it was absolutely impossible to determine whether all the contracts, deeds, etc., made between the defendants, would have been material evidence on the trial of the case. The order of the court, therefore, in requiring the production of all the papers called for in the plaintiff's notice, was too broad, in not being limited to the documents which were sufficiently described."

The court was not authorized, as we have said, to peremptorily order the production of all of these papers and, upon failure to produce them, to render the judgment here excepted to.

*Judgment reversed. All the Justices concur.*