34728.   BURNS *v.* BURNS.

DECIDED SEPTEMBER 18, 1953.

*Adams & McDonald,* for plaintiff in error.
*Pittman, Hodge & Kinney, H. E. Kinney,* contra.

FELTON, J. ■ The plaintiff in error contends that the court erred in overruling his motion to quash the notice to produce because that notice was directed to Mrs. Lucille Day as an individual and not as natural guardian of the plaintiff in error. The contention is meritorious. The notice to produce was directed to "Mrs. Lucille Day, natural guardian of William C. Burns, Jr." The description, "natural guardian of William C. Burns, Jr.," was merely descriptio personae, and the notice was therefore directed to Mrs. Day individually and not in her representative capacity of natural guardian. *Owsley & Son* v. *Woolhopter,* 14 *Ga.* 124 (1); *Armour Packing Co.* v. *Lovell,* 118 *Ga.* 164 (144 S. E. 990); *Stephens* v. *City of Atlanta,* 119 *Ga.* 666 (46 S. E. 872); *Woodward* v. *Harris,* 138 *Ga.* 751 (76 S. E. 49); *Stubbs* v. *Fourth National Bank of Macon,* 12 *Ga. App.* 539 (1, 1a) (77 S. E. 893); *Nolin* v. *Mooty,* 29 *Ga. App.* 97 (1) (113 S. E. 814); *Sudderth* v. *Harris,* 51 *Ga. App.* 654 (181 S. E. 122). The motion to quash should have been sustained.

■ The court passed a peremptory order to produce instanter and when the plaintiff in error failed to respond thereto, the court declared the case to be in default and entered a judgment for the defendant in error accordingly. This was error. Code (Ann.) § 38-806 provides: "Before the notice provided for in the preceding section shall be available, the party giving it, or his agent, must make oath (or his attorney state in his place) that he has reason to believe that the paper required is or has been in existence; that it is in the possession, power or control of the person notified; and that it is material to the issue." This Code section was not complied with by the defendant in error or her attorney, and the court therefore erred in passing the peremptory order to

produce instanter. *Georgia Iron & Coal Co.* v. *Etowah Iron Co.*, 104 *Ga.* 395 (4) (30 S. E. 878); *Virginia-Carolina Chemical Co.* v. *Hollis,* 23 *Ga. App.* 634 (2) (99 S. E. 154).

We do not rule on whether the court would have been authorized to declare the case in default under the facts of this case if Code (Ann.) § 38-806 had been complied with by the defendant in error or her attorney.

The consequences of a failure to produce are drastic indeed, and therefore the requirements prerequisite to such consequences are likewise drastic. The party giving the notice must subject himself to criminal prosecution if his affidavit is untrue, and his attorney must subject himself to a citation for contempt and possibly other disciplinary action if his statement in his place is untrue. It was said by way of obiter in *Parish* v. *Weed Sewing Machine Co.,* 79 *Ga.* 682 (7 S. E. 138), that the presumption that a fact continued to exist from proof that it once existed was not permissible in such a case. Even if this rule could be applied, there was only evidence that "an agreement" existed between the deceased father and his first wife, Mrs. Day, with reference to alimony and the caveator's support. There was no evidence that it was in writing or still in existence.

The court erred in overruling the motion to quash the notice to produce, in passing the peremptory order to produce instanter, in declaring the case in default, and in entering a judgment for the defendant in error on that theory.

*Judgments reversed. Sutton, C.J., and Worrill, J., concur.*