## 38811. WILSON v. CITY OF ATLANTA.

EBERHARDT, Judge. 1. "The issue in an illegality case is that made by the affidavit of illegality, and for the purpose of trying that issue the fi. fa., with the entry of levy, and the affidavit of illegality, constitute the pleadings." *Citizens Finance Co. v. Griffin,* 45 Ga. App. 508 (1) (165 S. E. 324); *Miller v. Perkerson,* 128 Ga. 465 (57 S. E. 787). If, in addition to seeking to have the fi. fa. declared illegal and the levy thereof dismissed, the defendant in fi. fa. seeks additional affirmative relief such as the cancellation of notes, he thereby places the legality of the notes in issue and the plaintiff in fi. fa. may, by cross-action, seek recovery thereon.

2. A cross-action setting up matters germane to the allegations of the original petition or pleading, asking affirmative relief, will not fall or be dismissed by the dismissal of the original pleading on demurrer (*Jackson v. Mathis,* 35 Ga. App. 178, 132 S. E. 410), or by voluntary dismissal, *Ray v. Home & Foreign Investment &c. Co.,* 106 Ga. 492 (32 S. E. 603), or by an amendment striking the allegations and prayers of the original petition or pleading which made the cross-action germane, as here.

3. There can be no recovery on a series of notes given by a landowner pursuant to the provisions of an act of the General Assembly for paving assessments when the act pursuant to which the assessments were made and the notes executed has been held unconstitutional by the Supreme Court. The General Assembly by the act of 1951 (Ga. L. 1951, pp. 3074-3079) authorized the City of Atlanta to pave "non-arterial streets" and to make assessments therefor against the abutting owners. Pursuant thereto the city proceeded to adopt

an ordinance for the paving of Blair Villa Drive and did pave it, and made assessments therefor. Such assessments were held to be void, since the act was unconstitutional. *City of Atlanta v. Southern Ry. Co.*, 213 Ga. 736 (101 S. E. 2d 707). Section 4 of the act provided that the assessments might be divided into not more than 10 equal instalments, one of which must be paid in cash and one each successive year thereafter until paid in full, and further provided that "The property owners may, if they elect to pay such *assessments* in installments rather than in cash, be required to execute notes for such successive annual installments which shall provide for payment on or before their maturity dates." (Italics ours).

Where, as here, the property owner executed notes to the city for the deferred assessments in each of which it was specifically provided that " . . . if default is made in the payment of any of these installments, as herein agreed, all of the unpaid installments shall immediately become due and payable, and *said assessment shall proceed at once to be enforced* in the manner provided by the ordinance and charter of the City of Atlanta," (italics ours) the consideration of the notes was the delay in the collection and enforcement of the *assessment*, and since the assessment itself was void the consideration failed.

The case of *Floyd v. Atlanta Banking Co.*, 109 Ga. 778 (35 S. E. 172) involved notes executed by the landowner directly to the paving contractor for the payment of the cost of the paving of the street and for which the city had made irregular, and therefore void, assessments and transferred them to the contractor pursuant to the act of 1891 (Ga. L. 1890-1891, Vol. II, pp. 448-452). Moreover, the Supreme Court specifically stated in that case that, if the landowner were resisting the collection of the assessments rather than seeking to have the notes set aside, he could not be held liable. The *Floyd* case is thus distinguishable from the present case.

It was therefore error to enter judgment in favor of the City of Atlanta upon the notes referred to in the cross-action.

*Judgment reversed. Carlisle, P. J., and Nichols, J., concur.*

DECIDED JUNE 7, 1961.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, George B. Haley, Jr.,* for plaintiff in error.

*J. C. Savage, J. M. B. Bloodworth,* contra.