25818. COOK & COMPANY v. CROSS et al.

FELTON, Justice. 1. Where the plaintiff resident of Jeff Davis County brought an action in Coffee Superior Court against the defendant Coffee County resident for damages for and injunction against trespass on certain described lands of the plaintiff in Coffee County and *all other lands of the plaintiff in Coffee County,* and the court granted a temporary injunction against the defendant's committing trespass and destruction upon "all lands of plaintiff located in Coffee County, Georgia," the Coffee Superior Court had jurisdiction of the defendant's *compulsory counterclaim* for trespass and injunction, which alleged that title to certain described lands in Coffee County on which the plaintiff was allegedly trespassing, which lands were other than those *specifically* described in plaintiff's complaint, is in the defendant and his wife, who was made a party-defendant to the action. *Code Ann.* § 81A-113 (a) (Ga. L. 1966, pp. 609, 625); *Ray v. Home & Foreign Investment &c. Co.,* 106 Ga. 492, 497 (32 SE 603); *Johnson v. Fulton County,* 216 Ga. 498 (1) (117 SE2d 155)

450

and cit. Therefore, the trial court did not err in its judgment denying the plaintiff's motion to dismiss the counterclaim on the ground of lack of jurisdiction.

2. The trial court did not err in its judgment sustaining the defendant's motion to dismiss the plaintiff's amendment to its complaint, which attempted to strike all of the allegations and prayers of the original complaint referring to "all other lands of the plaintiff in Coffee County." Said pleadings made the defendants' counterclaim, based on other lands in Coffee County over which the plaintiff was allegedly exercising dominion and control, germane to the allegations and prayers of the original complaint. The plaintiff, at whose instance the defendants were made parties to the pending case involving equities pro and con between the opposing parties, can not, after the defendants have filed a compulsory counterclaim, setting up their alleged rights in the premises and praying for affirmative relief by an enforcement of the same, so amend its pleadings as to prevent a hearing of the case upon its real merits, and thus deprive its adversaries of the opportunity to establish their allegations and obtain the relief to which they are entitled thereon. *Spears v. Scott,* 111 Ga. 745 (1) (36 SE 950); *Wilson v. City of Atlanta,* 103 Ga. App. 820 (2) (120 SE2d 633).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1970—DECIDED JUNE 9, 1970.

*Preston & Preston, M. L. Preston,* for appellant.
*Arthur C. Farrar,* for appellees.

